STATE OF NEVADA, RESPONDENT, v. JAMES BRANNAN AND THOMAS KELLY, APPELLANTS.

An indictment which merely states that defendants did "attempt to take, steal, and carry away" certain chattels, etc., without setting out the acts done, or mode and manner of the attempt, is not sufficient under our statute to support the charge of "attempting to commit grand larceny."

APPEAL from the District Court of the Third Judicial District, Washoe County, Hon. C. N. HARRIS, presiding.

T. D. Edwards and Thos. Wells, for Appellants.

R. M. Clarke, Attorney General, for Respondent.

Opinion by LEWIS, J., full bench concurring.

The defendants were indicted, tried, and found guilty upon a charge of an attempt to commit the crime of grand larceny, an

offense recognized by the statute of this State.   The case comes before this Court on a bill of exceptions, in which many errors are .complained of.   But the principal point relied on is insufficiency of the indictment, which it is claimed is so defective that no judgment could properly be rendered upon it.   An indictment should set out all the prominent facts and circumstances constituting the crime charged against the defendant.   It is not sufficient simply to charge him in general terms with having committed a certain crime.   It is necessary to state those facts which show the manner in which the crime charged was committed.   The simple charge that the defendant committed a certain crime, at a certain time and place, is not sufficient.   The means by which it was accomplished, or the acts showing the attempt, (when the crime consists of an attempt) must be set out.   In this case, it is simply charged against the defendants that they did, on the eighteenth day of October, A.D. 1866, in the County of Washoe, and State of Nevada, " feloniously attempt to steal, take, and carry away, from what is known as the Napa Quartz Mill, amalgam of the value of $1,000, the property of Lloyd Rawlings."

The *manner* in which such attempt was made is not shown, nor are. the *facts* showing that they did make such attempt, anywhere stated in the indictment.   This is very much like charging the commission of murder at a time and place in general terms, without in any way stating the manner in which it was committed.   Suppose the witnesses for the prosecution in this case had simply sworn that the defendant attempted to commit grand larceny by stealing amalgam from the Napa Mill; surely that would amount to nothing.   To authorize a conviction, it would be necessary to state the *facts* upon which they founded the conclusion that such an attempt had been made, so that the jury might judge for themselves whether the defendants had attempted the commission of the crime charged against them.   The jury might, from the same facts, draw a very different conclusion from that drawn by the witnesses.   Hence, the necessity for showing the facts upon which such conclusion is based. So in the indictment, it is necessary to state the particular manner in which the crime is committed, and it is not sufficient simply to state general conclusions from the facts.

As the Attorney General admits the insufficiency of this indictment, we do not deem it necessary to give it any further consideration.

The statement does not contain all the evidence adduced at the trial. We are therefore unable to say whether the case should be resubmitted to another grand jury or not.

Judgment reversed.