JUDGE COFER
delivered the opinion of the court.
The first count in the1 indictment in this case, although conforming to approved common-law precedents, is not sufficient. The charge that the appellee “forged and counterfeited and caused and procured to be forged and counterfeited a certain writing” importing a pecuniary liability, is no more than a legal conclusion. The Code then required and now requires that the acts constituting the offense charged shall be stated in an indictment.
*268 There are several modes in which a forgery may be committed. It may be by signing the name of a person without authority, by procuring it to be so done by another, or by fraudulently altering without authority a writing already signed. Under our system an indictment for forgery must inform the defendant of the particular acts relied upon to constitute his guilt.
The commission by the appellee of the alleged forgery is the gravamen of the crime charged in the first count.
But the second count charges that he “ did feloniously knowingly, fraudulently, and falsely utter and publish as true” the same writing with the forgery of which he is attempted to be charged in the first count.
The gist of the offense charged in the second count is the willful and false uttering of the forged paper. It is immaterial in that offense who committed the forgery or how it was done, and the forgery, instead of being the gravamen of the crime, is only one of the acts constituting the offense of uttering.
If the writing was forged by the appellee that would constitute his guilt under the first count, and hence the acts done by him should have been stated in order to manifest his guilt of the forgery. If the writing was forged, and the appellee knew that fact arid uttered it as genuine, he is guilty of the offense in the second count. Uttering the writing bears the same relation to the latter offense that its forgery does to the former. It was therefore necessary that the second count should contain a statement, not of the acts showing that the writing was forged, but of the acts showing that it was uttered.
How did he utter it? There are various acts that may constitute an uttering of a forged instrument, and the particular acts which the pleader regards as constituting the uttering charged should be stated. The necessity for such a statement *269 will be obvious when it is remembered that it is often quite difficult to decide whether there has been such an act done as in law constitutes the uttering of a forged writing. (Russ. & Ryans, C. C. 200; 2 Dennison’s Crim. Cases, 475; 3 Green-leaf’s Evidence, sec. 110.)
For these reasons we are of the opinion that the demurrer was properly sustained, and the judgment is affirmed.
Note. — The attorney-general did not brief this case/and stated when it was called that he thought the indictment was not good.