BAKER FLAUGHER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 1—119.]

**Criminal Law—Forgery.**

Where an accused is charged with forging an assignment of a note, evidence of attempts to sell the note is not admissible, and an instruction to the jury to the effect that if the accused uttered it by offering to sell it he was guilty, is erroneous.

**Possession of Note.**

Where, in a prosecution against an accused for forging an assignment of a note, it is shown that the note came into his possession lawfully, the law presumes that it belongs to him, and if so he has a right to sell it, and hence the offer to sell is not evidence of fraud.

APPEAL FROM BRACKEN CRIMINAL COURT.

June 18, 1880.

OPINION BY JUDGE COFER:

It seems to us the indictment is good. The assignment alleged was prima facie a valid transfer, and not only purported to vest the title to the note in the appellant, but to subject Weldon to the liability of an assignor. It does not appear that Weldon had been discharged by laches before the paper was uttered. The assignment is without date, and if it were dated and the dates showed that the assignor was prima facie released the indictment would still be good, because facts may exist which might render him liable although he appeared to be released. Beside this, the paper imports a liability, and its fraudulent publication is none the less a crime because there happens to be a legal defense independent of the fact that the assignment is forged.

But we think the court erred in permitting the commonwealth to give evidence of attempts to sell the note, and in instructing that if he uttered it by offering to sell, he was guilty. We have held that the facts constituting the uttering charged must be alleged (*Commonwealth v. Williams,* 13 Bush 267), and it follows that only such acts as are charged can be proved. Such evidence did not tend to show an intention to defraud.

There is no evidence whatever that the note did not come lawfully into his possession, and as he had possession the law presumes he was the owner. If the owner, he had a right to sell it, and the offer to sell was not evidence of fraud; and, if it were, he was charged only with an intention to defraud Weldon, and an intention to defraud generally could not be proved.

The evidence conducing to prove that the assignment was a forgery was not very strong, and there was no evidence whatever that the appellant knew it was a forgery except the fact that he had it in his possession, and nothing to show that the assignment was not on it when the note came to his hands unless it is some declaration made by the appellant.

Under these circumstances it was of the utmost importance to the appellant that all extraneous matter should be rigidly excluded, and that nothing not warranted by the issue should be submitted to the jury.

Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*W. P. D. Bush, for appellant.    P. W. Hardin, for appellee.*

[Cited, *Commonwealth v. Cochran*, 143 Ky. 807, 137 S. W. 521.]