[No. 1910]

## THE STATE OF NEVADA, RESPONDENT, *v.* J. E. RAYMOND, APPELLANT.

1. INDICTMENT AND INFORMATION—WORDS OF THE STATUTE.
   In view of Comp. Laws, 4208, providing that the offense charged shall be distinctly set forth in ordinary and concise language, so as to enable a person of common understanding to know what is intended, and the general rule that an indictment charging an offense in the words of the statute is sufficient, an indictment for forgery under Comp. Laws, 4734, providing that every person who shall make, pass, utter, or publish, with intent to defraud, any fictitious note, bill, or check, shall be deemed guilty of forgery, sufficiently charged the offense by the averment that defendant did "attempt to pass a fictitious check," particularly when the sufficiency of the indictment was not raised until after verdict.

2. CRIMINAL LAW—APPEAL—REVIEW—INDICTMENT—SUFFICIENCY.
   In construing an indictment questioned for the first time on appeal, it must be *held* sufficient, unless so defective that by no construction can it be said to charge the offense for which defendant was convicted.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, in and for Washoe County; *W. H. A. Pike*, Judge.

J. E. Raymond was convicted of forgery, and appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*James Glynn*, for Appellant.

*R. C. Stoddard*, Attorney-General, and *L. B. Fowler*, Deputy Attorney-General, for Respondent:

The defendant in this case was indicted for forgery under section 4728 of the Compiled Laws defining forgery.

This section is very broad in its scope, and not only declares the act of passing certain forged and fictitious instruments or other matters forgery, but also declares that any attempt to pass, as true and genuine, any of the therein enumerated instruments or matters also forgery.

The position of the state in this matter is that forgery,

so far as this state is concerned, is purely a statutory offense; while at common law the passing of certain forged and fictitious instruments was declared to be forgery, at the same time an attempt to pass fictitious instruments and the like did not constitute in itself the crime of forgery, but merely an attempt to commit forgery.

Under the wording of this statute, wherein an attempt to do certain acts declared to be forgery is in itself forgery, this particular crime is distinguished from any other on our statute books. There also being that distinction between our statute law and the common law, the common law, therefore, is abrogated, and the forgery becomes strictly a statutory offense.

By reason of the legislature having placed the attempt to do certain acts upon the same plane as the commission of these acts, as it has done under the section above referred to, our general statutes defining attempts does not apply to forgery.

Assuming, therefore, that forgery in this state is purely statutory (as it most certainly is), many authorities may be found to support the proposition that indictments which follow the language of the statute are sufficient. (9 Ency. Pl. & Pr. 607, and authorities there cited.)

It cannot be successfully or tenably urged that the act charged as the offense is not drawn so as to enable a person of common understanding to know what is intended as provided in paragraph 6, section 4208, Compiled Laws, which is the true test as to sufficiency of indictments.

All of the statutory essential elements to the commission of the offense, which fully apprise defendant of the offense charged, have been fully complied with, in that the indictment contains:

1. The attempt to pass as true and genuine, the fictitious instrument therein described.

2. The knowledge that the same was false and forged.

3. The intention to prejudice, damage and defraud.

4. The fictitious instrument in writing, set out at length and with certainty.

If the offense charged is set out with clearness and precision, so as not to mislead him in his defense, and will relieve him of the danger of jeopardy for the same offense, then the indictment is sufficient. (*McDonnell* v. *State,* 58 Ark. 248.)

Either the letter or the substance of the statute defining the offense must be followed. (22 Cyc. 336.)

*Per Curiam:*

The appellant was indicted, tried, and convicted in the Second Judicial District Court, State of Nevada, in and for the County of Washoe, of the crime of forgery upon an indictment, the charging part of which reads: "That said defendant * * * did then and there unlawfully, fraudulently, falsely, and feloniously attempt to pass, as true and genuine, upon the Farmers' & Merchants' National Bank, a corporation, doing business in Reno, Washoe County, Nevada, with the intent then and there to defraud the said Farmers' & Merchants' National Bank, a corporation, a fictitious check in writing for the payment of money, purporting to be the check of one J. R. Cavanaugh, which said fictitious check is in the words and figures as follows, to wit: 'Clearing House No. 16. San Francisco, Cal. 11—29, 1909, G. 16. Wells Fargo Nevada National Bank of San Francisco. Pay to the order of J. E. Raymond, $5,860 $\frac{00}{100}$ (five thousand eight hundred and sixty dollars). 9,834. J. R. Cavanaugh.' Indorsed on the back thereof, 'J. E. Raymond,' when in truth and in fact there was not then and there any such person or individual as J. R. Cavanaugh in existence, the said J. R. Cavanaugh being then and there a fictitious person, as he, the said defendant, then and there well knew; the said defendant then and there well knowing the said check in writing aforesaid to be fictitious, false, and fraudulent."

The defendant made a motion in arrest of judgment, upon the ground that said indictment has failed to charge a public offense, which motion was overruled, and the defendant sentenced to imprisonment in the state prison. From the judgment the defendant has appealed.

The appellant raises but one question, to wit, the sufficiency of the indictment to charge the essentials of a crime.

The indictment is based upon the provisions of section 83 of the crimes and punishments act (Comp. Laws, 4734), which section reads: "Every person who shall make, pass, utter, or publish, with an intention to defraud any other person or persons, body, politic or corporate, either in this state or elsewhere, or with the like intention shall attempt to pass, utter, or publish, or shall have in his possession, with like intent to utter, pass, or publish, any fictitious bill, note, or check purporting to be the bill, note, or check, or other instrument in writing, for the payment of money or property of some bank, corporation, copartnership, or individual, where, in fact, there shall be no such bank, corporation, copartnership, or individual in existence, the said person knowing the said bill, note, check, or instrument in writing for the payment of money or property to be fictitious, shall be deemed guilty of forgery, and on conviction thereof shall be punished."

The only question presented in the record upon appeal is as to the sufficiency of the indictment. It is the contention of counsel for appellant that the indictment is fatally defective, in that it fails to set out the acts constituting the attempt to defraud. It is true that the indictment charges that the defendant did "attempt to pass" the fictitious check in question without alleging the mode or manner in which such attempt was made. The indictment in this case is in the language of the statute, which provides directly for attempts to pass checks, and we think it good, especially so when no objection was made thereto until after verdict. "It is a general rule that if an indictment is based upon a statute, it is sufficient if it follows the wording thereof. The rule, however, is subject to the qualification that, unless the words of the statute of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished, an indictment charging the

offense in the language of the statute will be insufficient.
*   *   *   An indictment based upon a statute, in order to
be sufficient, must set forth all the facts which are by a
statute made ingredients of the offense." (19 Cyc. 1393,
title "Forgery.")

This court has had occasion repeatedly to affirm the general
rule that an indictment in the language of the statute
is sufficient. In *State* v. *Brannan*, 3 Nev. 238, relied upon
by appellant, the indictment charged an attempt to commit
grand larceny. Mr. Bishop states that the law of
larceny is exceptionally technical. (Directions and Forms,
616.)

There is greater necessity for setting out the facts constituting
an attempt in the case of a larceny than there is
in a case like that charged in the indictment. In this
case the appellant was charged with an attempt to pass
a fictitious check upon a bank. The manner in which
checks are ordinarily passed upon a banking institution
are of such general and common knowledge that it could
not ordinarily be said that a defendent could not anticipate
from the charge in the indictment the character of
evidence he would be expected to meet upon the trial.
Our statute has defined the real test to be applied to
every indictment, which is found in the sixth subdivision
of section 243 of the crimes and punishments act (Comp.
Laws, 4208), which reads: "That the act or omission
charged as the offense is clearly and distinctly set forth
in ordinary and concise language without repetition and
in such a manner as to enable a person of common understanding
to know what is intended." (*State* v. *Douglas*,
26 Nev. 203.)

In the case of *State* v. *Foster*, 30 Kan. 365, 2 Pac. 628,
the court was considering an information charging that
the defendant did "pass, utter and publish as true" a certain
forged instrument. It was contended in that case
that the indictment was insufficient, in that it alleged
conclusions of law, and not a statement of facts. Speaking
for the court, Brewer J., said: "Again, it is insisted
that the information is defective, in that it fails to con-

tain a statement of the facts constituting the offense in plain language. The point here is this: The section reads, 'every person who, with intent to defraud, shall pass, utter, or publish, or offer or attempt to pass, utter, or publish, as true, any forged or counterfeited instrument or writing,' etc. Now the information uses these words, and charges that defendant did 'pass, utter and publish as true.' This, it is claimed, is no statement of facts, but simply a conclusion of law; and the case of *Commonwealth* v. *Williams*, 13 Bush (Ky.) 267, is cited as authority. We do not think the claim is well taken. This is a statutory offense, and it is a general proposition that it is sufficient to allege such an offense, in an information, in the words of the statute. (*State* v. *Barnett*, 3 Kan. 250, 87 Am. Dec. 471; *State* v. *White*, 14 Kan. 540; Cr. Code, 108; 7 U. S. Dig. 1st series, pp. 379, 380, secs. 205, 206, and authorities cited therein. Also, *State* v. Johnson, 26 Iowa, 407, 96 Am. Dec. 158; *People* v. *Rynders*, 12 Wend. 426.) While there may be some limitations on this general doctrine, as where the statute simply designates the offense, and does not in express terms name its constituent elements, yet we think the rule obtains in the case at bar. Of course, it was never the duty of the pleader to narrate the evidence, and we think the words 'pass, utter and publish' make a clear and sufficient description of fact. They are words of common use, and refer to acts which are understood by every one. So that, notwithstanding the remarks of the court in the case cited from 13 Bush (Ky.) 267, we think the information states the facts, and is not subject to the objection made."

It has been the tendency of courts in recent years to be less technical than formerly in construing indictments, especially so where no demurrer was interposed to the indictment and an opportunity afforded to cure the defect prior to trial. In *State* v. *Harrington*, 9 Nev. 91, this court, quoting an indictment for murder, said: "Its form is argumentative, and this would have been a fatal defect upon special demurrer. The objection, however, was not

taken; and the imperfection being of form, and not of substance, is cured by the verdict."

In a case where the sufficiency of the indictment was raised for the first time upon appeal, this court, in the recent case of *State* v. *Hughes,* 31 Nev. 270, said: "The indictment, it must be admitted, is far from being a model. Where, however, the sufficiency of the indictment is questioned for the first time upon appeal, it should not be held insufficient to support the judgment, unless it is so defective that by no construction within the reasonable limits of the language used can it be said to charge the offense for which the defendant was convicted"— citing *State* v. *Lovelace,* 29 Nev. 43.

An indictment charging an offense in the language of the statute ought, as a general rule, to be held sufficient, where no objection is taken thereto until after verdict. The present case is not one which should be regarded as an exception to the general rule, for the reason heretofore stated that the mere charge of an attempt to pass a fictitious check upon a bank of itself indicates the character of evidence the defendant would be expected to meet, and where no demurrer is interposed the defendant ought not to be heard afterwards to question the sufficiency of the indictment.

This court, in *State* v. *McKiernan,* 17 Nev. 224, in considering an indictment for forgery, by Hawley, J., said: "It is true that an indictment for a statutory offense should employ such words as may be necessary to enable the court to determine upon what particular provision of the statute it is framed, and it must use all the words which are essential to a complete description of the offense; but, as a general rule, the indictment will be sufficient if the offense is substantially set forth, though not in the precise words of the statute. The technical exactness which existed under the rules of the common law has been superseded by statutory provisions, and it is now sufficient if the offense is 'clearly and distinctly set forth in ordinary and concise language * * * in

such a manner as to enable a person of common understanding to know what is intended.'"

The judgment is affirmed.

NORCROSS, J.:  I dissent.