[No. 2506]

## THE STATE OF NEVADA, RESPONDENT, *v.* G. R. DAWSON, APPELLANT.

[201 Pac. 549]

1. RAPE—INFORMATION FOR ATTEMPTED RAPE HELD INSUFFICIENT.
   Information charging that defendant did attempt to carnally and unlawfully know a designated female *held* insufficient to charge an attempt to commit rape under Stats. 1919, c. 234, in that it failed to aver an overt act toward the commission of the offense under Rev. Laws, 6291, defining an attempt to commit a crime as "an act done with intent to commit" the crime.

APPEAL from Second Judicial District Court, Washoe County; *Edward F. Lunsford,* Judge.

G. R. Dawson was convicted of attempted rape, and he appeals. **Reversed.**

*Frame, Morgan & Raffetto,* for Appellant:

The information is fatally defective. There are three essential elements in an attempt to commit a crime, namely, the intent to commit the particular crime, the doing of some act toward its commission, and the failure to consummate it. Rev. Laws, 6291; State v. Thompson, 31 Nev. 209; 16 C. J. 111–118. Each of these elements must be alleged in an information. The information in

this case fails to state any of them. The charge of "attempt to have carnal knowledge" is merely argumentative. An overt act and the intent must be alleged, otherwise the information is substantially defective, and the judgment must be reversed. The law in this regard is well settled. State v. Lung, 21 Nev. 209; State v. Zichfeld, 23 Nev. 315; State v. Rodriguez, 31 Nev. 343; Herrick v. Territory, 99 Pac. 1096; Bond v. State, 152 Pac. 809; Williams v. State, 136 Pac. 599; Hogan v. State, 50 Fla. 86; State v. Frazier, 53 Kan. 87; State v. Russell, 64 Kan. 798; Thompson v. People, 96 Ill. 158; Kinningham v. State, 119 Ind. 332; State v. Wilson, 30 Conn. 500; State v. Doran, 99 Me. 329; 33 Cyc. 1446, 22 Cyc. 363; 1 Wharton, Crim. Law (11th ed.), p. 298; 1 Wharton, Crim. Prac. (10th ed.), p. 249, 2 Idem, 1613–1616.

*L. B. Fowler*, Attorney-General; *Robert Richards*, Deputy Attorney-General, and *L. D. Summerfield*, District Attorney, for Respondent:

The information correctly charges the offense in the language of the statute, and is therefore sufficient. The statute defines an attempt to commit a crime. Rev. Laws, 6291. When an offense is charged in the words of the statute it is sufficient, and carries with it the necessary elements as embodied in the statute itself. 22 Cyc. 363; State v. Evans, 27 Utah, 12; Jackson v. State, 91 Ala. 55; People v. Bush, 4 Hill, 133; State v. Montgomery, 7 Baxt. 161.

If the charge is merely argumentative, there was no error, because the point was not presented in the lower court. No demurrer was ever filed to the information. The statutes provide how and when objections to the sufficiency of an information must be made. Rev. Laws, 7097, 7098, 7105; State v. Harrington, 9 Nev. 91; State v. Derst, 10 Nev. 443; State v. Lovelace, 29 Nev. 43; State v. Hughes, 31 Nev. 270; State v. Raymond, 34 Nev. 198; 14 R. C. L. 202; State v. Longstreth, 19 N. D. 268.

By the Court, SANDERS, C. J.:

Appellant was charged, tried, and convicted upon the following information:

"L. D. Summerfield, district attorney within and for the county of Washoe, State of Nevada, in the name and by the authority of the State of Nevada, informs the above-entitled court that G. R. Dawson, the defendant above named, has committed a felony, to wit, attempted rape, in the manner following:

"That said defendant on the 19th day of September, A. D. 1920, or thereabouts, and before the filing of this information, at and within the county of Washoe, State of Nevada, did then and there, he, the said defendant, being then and there a male person over the age of 16 years, wilfully, unlawfully, and feloniously attempt to have carnal knowledge of a female child, to wit, one Mabelle Lockridge, said female child then and there being under the age of 18 years, to wit, of the age of 10 years.  *   *·  * "

From the judgment of imprisonment in the state prison for the term of not less than three years nor more than twenty years, and also from an order denying to him a new trial, the appellant appeals.  The assignment of error relied upon for the reversal of the judgment is stated as follows:

"The court erred in rendering judgment against the defendant, for the reason that the information did not state facts sufficient to constitute a public offense, and particularly that of an attempt to commit rape, and the court therefore was without jurisdiction to enter judgment and pronounce sentence in said cause."

Any person of the age of 16 years or upwards who shall have carnal knowledge of any female child under the age of 18 years, either with or without her consent, shall be adjudged guilty of the crime of rape.  Stats. 1919, p. 439.

Section 6291 of the Revised Laws provides in part as follows:

"An act done with intent to commit a crime, and

tending but failing to accomplish it, is an attempt to commit _that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows.    *    *    * ”

The question presented for our determination is whether an information (or indictment) grounded upon section 6291, Revised Laws, which merely avers that the defendant did attempt to carnally and unlawfully know a designated female, is so defective that no judgment could properly be rendered upon it. It is manifest that the offense of an attempt to commit a crime as defined by the statute is composed of two elements: First, the intent to commit a crime; second, a direct act done toward its commission, and tending, but failing, to accomplish it.

In the early case (1867) of State v. Brannan, 3 Nev. 238, it was held that an indictment which merely states that the defendants did attempt to commit the crime of grand larceny was so defective that no judgment could be rendered upon it. In the case of State v. Lung, 21 Nev. 210, 28 Pac. 235, 37 Am. St. Rep. 505, it was held that an indictment for an attempt at rape must aver the necessary facts and elements of the offense with such particularity that the court may determine whether or not they constitute an offense. In the case of State v. Pierpont, 38 Nev. 173, 147 Pac. 214, an indictment for an attempt at rape was upheld against an attack upon the ground that it did not sufficiently charge an overt act toward the commission of the offense. In its opinion the court quotes section 6291 of the Revised Laws, upon which the indictment was founded, and cites with approval, and in support of its conclusion, the case of Glover v. Commonwealth, 86 Va. 382, 10 S. E. 420, and 33 Cyc. 1431. While there is some little discord in the authorities, this court is committed to the rule that in a case of an attempt at rape an overt act toward the commission of the offense must be charged and proved.

It is urged by counsel for the state that, conceding the information to be defective in the respect pointed out, the sufficiency of the information not having been raised by demurrer it cannot now be taken advantage of for the first time on appeal. If the defect be one of form, upon reason and authority, we should hold with the prosecution on this proposition, but if such defect be one of substance, upon reason and authority, we must hold that it can be raised for the first time on appeal, and is not waived by a failure in the district court to make the point on demurrer. State v. Trolson, 21 Nev. 419, 32 Pac. 930.

In view of the authorities above cited, and the greater weight of authority in general, we are of the opinion that the failure of the information before us to aver any overt act toward the commission of the offense charged is a defect of substance, and not of form. Hogan v. State, 50 Fla. 86, 39 South. 464, 7 Ann. Cas. 139; Williams v. State, 10 Okl. Cr. 336, 136 Pac. 599; Bond v. State, 12 Okl. Cr. 160, 152 Pac. 809; Glover v. Commonwealth, supra.

It is finally insisted by the state that, since the statute in express terms designates the elements of the offense, and the information charges the offense in the words of the statute, it is sufficient. But the information does not charge the offense in the language of the statute, defining the offense of an attempt to commit a crime. It merely alleges the statutory designation of such an offense, to wit, "attempt to carnally know," which, in our opinion, even under the most liberal construction that obtains under our law, is not sufficient to advise the defendant of the accusation against him.

The judgment is reversed.