JAMES LLOYD LARSEN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 5940

June 10, 1970                    470 P.2d 417

George W. Abbott, of Minden, for Appellant.

Harvey Dickerson, Attorney General, William J. Raggio, District Attorney, and Kathleen M. Wall, Deputy District Attorney, Washoe County, for Respondent.

## O P I N I O N

By the Court, COLLINS, C. J.:

This is an appeal from a jury finding of appellant's guilt of the crime of attempted burglary. We affirm the conviction.

On March 5, 1969, at the B-Gay Motor Lodge in Reno, Nevada, Norman E. Taber, owner and operator, was awakened by a buzzer at about 1:40 a.m. Taber turned the office lights on and observed a man standing with his back turned to the front door of the motel. Taber unlocked the door and opened it slightly, keeping his hand on the doorknob. The man, with his face masked, turned around, and simulating a gun in his pocket demanded that the door be opened or he would shoot. Taber told the masked gunman to go ahead and shoot. They engaged in a momentary tug-of-war over the door, but Taber managed to relock it, turned off the light, and the assailant fled. Appellant, meeting the described appearance and dress of the assailant, was arrested 15 minutes later in a nearby bar. Although he denied his involvement in the matter, appellant was arrested and charged with wilfully, unlawfully, and feloniously attempting to enter the B-Gay Motel "with intent to commit larceny or any felony." From a conviction on that charge he appeals.

In appellant's reply brief upon appeal, he raised for the first time the sufficiency of the information to lawfully charge the crime of attempted burglary. We ordered supplemental briefs to be filed upon the timeliness of the raising of such issue.

Accordingly, the issues presented for our determination are these:

I.  Whether the acts alleged legally constitute the crime of attempted burglary?

II.  Whether the court erred in giving the jury an instruction defining burglary without an explanation of the purpose of that instruction?

III.  Whether the information filed against appellant was insufficient in that it contained no averment of any overt act toward the commission of the offense charged?

IV.  Whether appellant may raise the issue of the sufficiency of the information for the first time on appeal from a conviction after trial?

1.  NRS 205.060(1), the burglary statute, reads: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

Upon the question of intent, NRS 205.065 provides: Anyone "who shall unlawfully break and enter or unlawfully enter" any of the premises described above is deemed to have done so with "intent to commit grand or petit larceny or a felony therein," unless the defendant can convince the jury that it was done without criminal intent. See also Boyle v. State, 86 Nev. 30, 464 P.2d 493 (1970).

In Mathis v. State, 82 Nev. 402, 406, 419 P.2d 775 (1966), quoting from State v. Thompson, 31 Nev. 209, 216, 101 P. 557 (1909), this court said: " 'As in any other case where the intent is material, the intent need not be proved by positive or direct evidence, but may be inferred from the conduct of the parties and the other facts and circumstances disclosed by the evidence.' "

The elements of attempt to commit a crime have previously been set forth by this court. They are: (1) an intent to commit a crime, (2) performance of some overt act towards its commission, and (3) failure to consummate its commission. Mathis v. State, supra; State v. Dawson, 45 Nev. 255, 201 P. 549 (1921); State v. Thompson, supra.

The state then had the burden of proving that appellant intended to unlawfully enter the B-Gay Motel with intent to commit a felony, that some overt act towards consummation of that intent was done, and that the attempt failed. From the facts recited in the record, the jury could certainly infer that the man at the door of the motel intended to enter unlawfully and that the simulation of a gun, coupled with the words he would shoot if the door was not opened, strongly inferred an attempt to commit larceny had he gained the entrance he sought.

While it is true the overt act ought to be a direct, unequivocal act done toward the commission of the offense (see People v. Buffum, 256 P.2d 317 (Cal. 1953)), still, as was recognized in People v. Downer, 372 P.2d 107, 110–11 (Cal. 1962), "Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance thereof will constitute an attempt." Accord, State v. Mandel, 278 P.2d 413 (Ariz. 1954).

2. Appellant contends the court erred in the giving of an instruction on the elements of burglary without giving an explanation of the instruction. He relies upon Stiff v. Holmes, 85 Nev. 73, 450 P.2d 153 (1969). The contention is specious; there was no error.

The trial court gave the following instructions, which, when considered as a whole, could have left no doubt in the jurors' minds that appellant was charged only with attempted burglary. The instructions are: Instruction No. 8 states the crime with which appellant was charged and quotes the information. Instruction No. 9 states the elements of an attempt to commit a crime. Instruction No. 10 emphasizes the important elements of the crime of attempt to commit a crime. Instruction No. 11 quotes part of the statute on burglary, NRS 205.060, "insofar as applicable to this case." Instruction No. 12 states the rule that there must be a unity of act and intent with the burden being on the prosecution to prove both beyond a reasonable doubt. Instruction No. 13 explains what is needed to prove intent. Instruction No. 14 explains that once a person has committed acts sufficient to constitute an attempt to commit a crime, he cannot avoid responsibility by not proceeding further.

3. NRS 173.075 reads in pertinent part: "1. The indictment or the information shall be a plain, concise and definite written statement of *the essential facts* constituting the offense charged." (Emphasis added.)

Appellant relies upon three early Nevada decisions which hold that failure to aver an overt act in an indictment or information charging an attempt makes the indictment or information defective. They are: State v. Brannan, 3 Nev. 238 (1867), which alleged only an attempt to commit the crime of grand larceny; State v. Lung, 21 Nev. 209, 28 P. 235 (1891), which alleged only an attempt to commit rape; and State v. Dawson, 45 Nev. 255, 201 P. 549 (1921), which alleged only an attempt to have carnal knowledge of a female child.

It is true this court has previously recognized that an indictment or information may charge the offense in the language of the statute except where, as in case of attempt, the statute defining the offense does not state the essential elements. State v. Raymond, 34 Nev. 198, 117 P. 17 (1911); State v. Mills, 52 Nev. 10, 279 P. 759 (1929).

However, for the cases cited by appellant to be controlling, the information in the instant case would have to allege only the crime of attempted burglary. But the information under consideration alleges additional facts[1] and is more analogous to State v. Raymond, 34 Nev. 198, 117 P. 17 (1911), where the indictment charged the defendant with an "attempt to pass" a fictitious check. The indictment was held to be good, despite the fact it did not allege "the mode or manner in which such attempt was made." *Id.* at 201. Additionally, in that case, this court said, "The indictment in this case is in the language of the statute, which provides directly for attempts to pass checks, and we think it good, *especially so when no objection was made thereto until after verdict." Id.* (Emphasis added.)

Other Nevada cases have held, as *Raymond* did, that when an indictment or information is first challenged after trial, the court will make every attempt to construe the pleading in favor of the state, absent a showing of prejudice to the defendant. See Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965); State v. Hurley, 66 Nev. 350, 210 P.2d 922 (1949);

---

[1]The exact wording of the information is: "That the said defendant on or about the 5th day of March, 1969 at Reno Township, in the County of Washoe, State of Nevada, did wilfully, unlawfully and feloniously attempt to enter a certain building, the B-Gay Motel, situated at 525 West Second Street, Reno, Washoe County, Nevada, with the intent to commit larceny or any felony."

State v. Hughes, 31 Nev. 270, 102 P. 562 (1908); State v. Lovelace, 29 Nev. 43, 83 P. 330 (1906). This rule was again reiterated and approved in a very recent opinion of this court, Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970).

4. There is no doubt the issue of the sufficiency of the indictment may be raised for the first time on appeal. State v. Dawson, supra. See also NRS 174.015. However, we think the challenge is one which should be raised more properly before or during trial when, with far less difficulty, it can be readily corrected if found substantial. When not raised until after conviction or upon appeal, a reduced standard will be applied in testing the sufficiency of the indictment or information. See 1 C. Wright, Federal Practice and Procedure § 123, at 225–26 (1969), where he says: "If the sufficiency of an indictment or information is not questioned at the trial, the pleading must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted. . . ."

Affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.