# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES BALGAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65512

FILED

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury trial, of racketeering. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant James Balgas argues that the district court erred in denying his motion to set aside the jury verdict and for a new trial after the jury found him guilty of racketeering despite finding him not guilty of coercion, robbery, and multiple transactions involving fraud or deceit in the course of an enterprise or occupation. He argues that his conviction was inconsistent with his acquittals and thereby merited relief as a matter of law. We review questions of law de novo. *Sheriff v. Burcham*, 124 Nev. 1247, 1253, 198 P.3d 326, 329 (2008). Verdicts will not be disturbed for inconsistency when a jury acquits a defendant of a predicate offense while convicting of a compound offense. *United States v. Powell*, 469 U.S. 57, 65 (1984); *Bollinger v. State*, 111 Nev. 1110, 1116, 901 P.2d 671, 675 (1995). Accordingly, a defendant's acquittal for a predicate offense does not invalidate a racketeering conviction that alleged commission of that

16-01447

predicate offense in order to allege a sufficient number of predicate offenses. *See United States v. Vastola*, 899 F.2d 211, 225 (3d. Cir. 1990), *vacated on other grounds by Vastola v. United States*, 497 U.S. 1001 (1990); *United States v. Tinsley*, 800 F.2d 448, 450-52 (4th Cir. 1986); *Com. v. Cassidy*, 620 A.2d 9, 14 (Pa. Super. Ct. 1993). Even if the verdicts were inconsistent, Balgas would not be entitled to relief. We conclude that the district court did not abuse its discretion in rejecting Balgas' motion.

Balgas next argues that the evidence presented at trial was insufficient to support the jury's finding of guilt for racketeering and that the district court abused its discretion in denying his motion for an advisory verdict on this ground. This court reviews the evidence in the light most favorable to the prosecution to determine whether any rational juror could find the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). The district court has discretion to advise the jury to acquit a defendant when it deems the evidence insufficient for a conviction, NRS 175.381(1), and this court reviews its decision for an abuse of discretion, *Milton v. State*, 111 Nev. 1487, 1494, 908 P.2d 684, 688 (1995).

The record shows the following. Balgas was employed by Club Exclusive II as a bouncer, the club operated an ongoing fraudulent scheme to acquire money from victims by misrepresenting the sale of sexual services, the club's practices were discussed at meetings that all employees attended, the bouncers monitored the club's attendants' fraudulent practices by video feed to intervene when the fraudulent scheme required removing a protesting victim from the premises,

removing victims from the premises was an integral part of the club's criminal scheme, the criminal scheme involved more than two instances of multiple transactions involving fraud or deceit in the course of enterprise or occupation, and Balgas removed a victim from the premises after he had been defrauded in furtherance of this scheme.

The jury could reasonably infer from the evidence presented that Balgas conspired to participate in racketeering activity through the Club's affairs (1) by agreeing to participate, through his employment, in the Club's racketeering activity by removing victims from the premises after the attendants had defrauded the victim and the victim had become upset and (2) by overtly acting to effect the agreement in removing a victim from the premises. *See* NRS 207.360(33); NRS 207.390; NRS 207.400(1)(c)(2), (j); *Thomas v. State*, 114 Nev. 1127, 1143, 967 P.2d 1111, 1122 (1998) ("[Conspiracy] is usually established by inference from the conduct of the parties."); *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997) ("[C]ircumstantial evidence alone may sustain a conviction."), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). Balgas' contention that he was merely an independent contractor is belied by the record and nevertheless confers no defense to racketeering liability. We conclude that the district court did not abuse its discretion in denying Balgas' motion for an advisory verdict.

Lastly, Balgas argues that the indictment failed to set forth facts with specificity alleging his culpability for racketeering. To provide a defendant with an opportunity to prepare an adequate defense, a charging instrument must provide adequate notice to the accused of the

prosecution's theories by stating the essential facts constituting the offense in ordinary and concise language. NRS 173.075(1); *Viray v. State,* 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005). Its sufficiency will be determined by practical and not technical standards. *Laney v. State,* 86 Nev. 173, 178, 466 P.2d 666, 669 (1970). As Balgas first challenged the indictment when the State could not correct the alleged deficiency, we will hold the charging instrument to be sufficient unless there is no reasonable construction under which it charged an offense for which Balgas was convicted. *See Larsen v. State,* 86 Nev. 451, 456, 470 P.2d 417, 420 (1970). The indictment alleged that the defendants violated specific sections of Nevada's racketeering statute through their involvement in the club, through instructing employees to use force and the fear of force to retain illegally acquired monies, or through creating an enterprise to make customers believe that they would receive sexual services in exchange for money. It alleged a specific incident in which Balgas acted to implement the club's fraudulent scheme. The indictment thus alleged a specific incident and broader factual theories of liability, while providing specific statutory sections proscribing the alleged conduct. In contrast to the indictment in *State v. Hancock,* 114 Nev. 161, 164, 955 P.2d 183, 185 (1998), we conclude that Balgas had notice of the charges against him and their theories of liability and that the indictment was sufficient.

Having considered Balgas' contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. David B. Barker, District Judge
Sylvia Bishai, Esq.
Thomas Michaelides
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We note that Balgas failed to include any trial transcripts, and a complete review is only possible because the State submitted those records. *See Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004) ("[C]ounsel failed to include many necessary parts of the record in the Appellant's Appendix. We are able to address the merits of a number of claims only because the State provided a[n] . . . appendix that includes necessary parts of the record.").