Vacated per order filed 12/23/16.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL DUANE COLVIN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65724 |

FILED

AUG 10 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of first-degree kidnapping, one count of lewdness with a child under the age of 14, ten counts of child abuse, neglect, or endangerment, and one count of coercion. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Michael Duane Colvin argues first that he was improperly sentenced for the lewdness offense because it was unclear from the trial testimony when he committed the offense. He contends that, because the date of the offense dictated which version of the lewdness statute he would be sentenced under and thus what sentence he could receive, the date was an essential element that should have been submitted to the jury and proven beyond a reasonable doubt, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). He further contends that the evidence at trial indicated that the lewdness offense likely occurred prior to the effective date of the 2003 statute, and thus he should have been sentenced under the 1999 version of the statute to life with the

16-24825

possibility of parole after 10 years.[1] He argues that his sentence of life without the possibility of parole under the 2003 version of the lewdness statute violated both *Apprendi* and the prohibition against ex post facto laws.

We conclude that Colvin waived these challenges. At sentencing, defense counsel specifically asked for Colvin to be sentenced under the 2003 version of the statute, made no argument as to the 1999 version of the statute, and conceded that the district court had the discretion to impose a sentence of life without the possibility of parole—a sentence that was not available before 2003. Defense counsel appeared to make this argument and concession under the mistaken belief that the district court also had the discretion to impose a sentence of 2 to 20 years' imprisonment under the 2003 statute, which was never an option for Colvin who had two previous convictions for sexually abusing a child.[2] Because counsel conceded that Colvin could be sentenced under the 2003

---

[1]Prior to October 1, 2003, the only possible sentence for lewdness with a child was life in prison with the possibility of parole after 10 years. 1999 Nev. Stat., ch. 105, § 5, at 471-72. The lewdness statute (NRS 201.230) was amended, effective October 1, 2003, to provide for a mandatory life-without-parole sentence for anyone who had previously committed a sexual offense against a child, and a sentence of either 2 to 20 years or life with parole eligibility after 10 years for a first-time offender. 2003 Nev. Stat., ch. 461, § 2, at 2826; NRS 218D.330(1).

[2]The 2003 version of the statute added a sentence of 2 to 20 years but only for first-time offenders. 2003 Nev. Stat., ch. 461, § 2, at 2826. This sentence was subsequently removed in 2005, leaving only a sentence of life with parole eligibility after 10 years for first-time offenders and a sentence of life without the possibility of parole for repeat offenders. 2005 Nev. Stat., ch. 507, § 33, at 2877-78.

version of the statute, we conclude that he affirmatively waived any protection under *Apprendi* and also waived any claim of an ex post facto violation. We therefore conclude that Colvin's arguments do not entitle him to relief.

Second, Colvin argues that the indictment was defective because it failed to allege the date of the lewdness offense with sufficient specificity, which prevented him from establishing at trial that the lewdness offense occurred prior to October 1, 2003—the effective date of the 2003 version of the lewdness statute. We apply a reduced standard to test the sufficiency of the indictment because it is being challenged for the first time on appeal. *See Larsen v. State*, 86 Nev. 451, 456, 470 P.2d 417, 420 (1970). Colvin has failed to demonstrate that the indictment was so defective that it did not charge the offense of lewdness or apprise him of the facts surrounding the offense. *See id.* (stating that an indictment challenged for the first time on appeal "must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted" (internal quotation marks omitted)); *see also Cunningham v. State*, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984) (stating that time is not an essential element of lewdness with a minor). To the extent that Colvin argues that the date alleged in the indictment (on or after February 2, 2005) impacted which version of the lewdness statute he was sentenced under, he waived any such claim when he argued for sentencing under the 2003 version of the lewdness statute, as discussed above.

Third, Colvin argues that the district court erred by not sua sponte instructing the jury, in accordance with *Mendoza v. State*, 122 Nev. 267, 275-76, 130 P.3d 176, 181 (2006), that to convict him of both kidnapping and lewdness, the prosecution must show that the kidnapping

was not incidental to the lewdness act. Colvin did not object to this omission nor request a *Mendoza* instruction. "Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial." *Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996). This court nevertheless may address an error if "it was plain and affected the defendant's substantial rights." *Tavares v. State*, 117 Nev. 725, 729, 30 P.3d 1128, 1130-31 (2001). "To amount to plain error, the error must be so unmistakable that it is apparent from a casual inspection of the record." *Martinorellan v. State*, 131 Nev., Adv. Op. 6, 343 P.3d 590, 593 (2015) (internal quotation marks omitted).

Here, the testimony at trial showed that Colvin moved his girlfriend's daughter, L.H., from the living room to the laundry room in their apartment and put her on the dryer, where he assaulted her. The jury was instructed that a person commits first-degree kidnapping if he "willfully leads, takes, entices, or carries away or detains any minor with the intent to . . . perpetrate upon the person of the minor any unlawful act." *See* NRS 200.310(1). Colvin has not demonstrated that the absence of a *Mendoza* jury instruction was so patently prejudicial that the district court was required to issue it sua sponte to protect his right to a fair trial, nor has he demonstrated that it was plain error for the district court not to give the instruction.

Fourth, Colvin argues that the district court erred in failing to sua sponte instruct the jury on the statutory definition of "physical injury" for the purposes of NRS 200.508(1) (child abuse, neglect or endangerment), as required by our decision in *Clay v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 48, 305 P.3d 898 (2013). We agree.

The State accused Colvin of committing child abuse by causing nonaccidental physical injuries to the victims, L.H. and her younger brother C.H. When the basis of a child abuse charge is nonaccidental physical injury, physical injury is an element of the offense that must be proven beyond a reasonable doubt. *See* NRS 200.508(1), (4)(a), (4)(d); *cf. Clay*, 129 Nev., Adv. Op. 48, 305 P.3d at 905-06. Here, the jury was instructed that a person commits child abuse when he willfully causes a child "to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse and neglect." *See* NRS 200.508(1). The jury was also instructed on the "abuse or neglect" element of the crime—specifically, that the State must show there was a "physical or mental injury of a nonaccidental nature." *See* NRS 200.508(4)(a). However, the jury was not instructed on the statutory definition of "physical injury"—i.e., "[p]ermanent or temporary disfigurement" or "[i]mpairment of any bodily function or organ of the body." NRS 200.508(4)(d).

Colvin did not object to the omission of this definition from the jury instructions nor did he request an instruction on this definition. However, given that the statutory definition of "physical injury" set forth in NRS 200.508(4)(d) is technical and more limited than a layperson's common understanding of the term, *see Clay*, 129 Nev., Adv. Op. 48, 305 P.3d at 905-06, we conclude that the district court plainly erred in failing to include this definition in the jury instruction on child abuse. Further, we conclude that this error prejudiced Colvin's substantial rights, as there was not overwhelming evidence at trial that the victims sustained permanent or temporary disfigurement or impairment of any bodily function or organ, and it is unclear that the jury would have convicted

Colvin of child abuse had it been instructed on the technical definition of "physical injury." We therefore reverse the child abuse convictions (counts 13-22) and remand for a new trial on those counts.[3]

Fifth, Colvin argues that the district court should have sua sponte instructed the jury on the common law privilege of parental discipline as a defense to child abuse and on the State's burden to prove beyond a reasonable doubt that Colvin intended to injure or endanger the victims and not merely discipline them. In support of this argument, Colvin cites *Newman v. State*, 129 Nev., Adv. Op. 24, 298 P.3d 1171, 1178-79 (2013), which recognized the common law parental privilege as a defense to battery in Nevada and addressed the intent underlying parental discipline. Colvin, however, did not request a parental privilege instruction and provides no authority for his claim that the district court had an obligation to sua sponte instruct the jury on the privilege. Therefore, he fails to demonstrate any error by the district court in not giving this instruction.

Sixth, Colvin challenges the constitutionality of the coercion statute, NRS 207.190(1)(a). He contends that the statute, as applied, is unconstitutional because it infringes on his fundamental right to

---

[3]In his reply brief, Colvin argues for the first time that there was insufficient evidence of physical injury to support six of the child abuse counts, so he cannot be retried on those counts. He failed to make this argument in his opening brief and does not make a cogent argument on this issue in his reply brief; therefore, we decline to consider it. *See* NRAP 28(c) (limiting reply brief to "answering any new matter set forth in the opposing brief"); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument.").

discipline children under his care and thus violates substantive due process. We disagree. This court reviews the constitutionality of a statute de novo. *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev., Adv. Op. 52, 306 P.3d 369, 375 (2013). Statutes are presumed to be valid, and the challenger has the burden to demonstrate that a statute is unconstitutional. *Id.* "When undertaking a substantive due process analysis, a statute that does not infringe upon a fundamental right will be upheld if it is rationally related to a legitimate government purpose." *Id.* at 375-76.

The testimony supporting the coercion conviction was that when Colvin was angry at L.H., he would order C.H. to hit L.H. and would threaten to hit C.H. himself if C.H. did not comply with his order. It is well-established that a parent has a fundamental liberty interest in the care, custody, and control of his or her children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *In re Parental Rights as to C.C.A.*, 128 Nev. 166, 169, 273 P.3d 852, 854 (2012). Colvin, however, is not a parent or even a legal guardian of the children. Further, parents do not possess a fundamental right to discipline children in any way they see fit or to inflict or threaten violence on a child. *Cf. Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Thus, rational basis review applies here because Colvin did not have a fundamental right to inflict or threaten violence on a child. The State has an interest in protecting children from actual or potential harm, and the coercion statute, which makes it unlawful for a person to coerce a child through violence or threats of violence, bears a rational relationship to that interest. Accordingly, Colvin fails to demonstrate that the statute violates substantive due process.

Colvin also contends that the coercion statute is unconstitutionally overbroad because it infringes on his First Amendment

right to threaten the children under his care in order to correct or direct their behavior. Threats of violence are not protected speech, *Virginia v. Black*, 538 U.S. 343, 359-60 (2003), and thus his overbreadth challenge fails. *See Williams v. State*, 118 Nev. 536, 548, 50 P.3d 1116, 1123-24 (2002) ("An overbreadth challenge may only be made if a statute infringes upon constitutionally protected conduct[, and] [a]bsent such infringement, an overbreadth challenge must fail.").

Seventh, Colvin argues that the district court erred in sustaining a hearsay objection, which prevented him from accurately establishing the timing of L.H.'s disclosures to Child Protective Services (CPS). He contends that he should have been allowed to question the CPS forensic interview specialist about notes written by a CPS supervisor regarding a CPS caseworker's report that L.H. had disclosed sexual abuse only after being told that no changes would be made to her living situation. The State objected to the admission of these notes because they consisted of double or triple hearsay. The district court agreed that the notes were hearsay because they were comprised of out-of-court statements, and the defense offered no explanation as to how they were admissible and made no argument that they fell under a hearsay exception. Now on appeal Colvin asserts that the notes were admissible as a public record or report under NRS 51.155, as a record of regularly conducted activity under NRS 51.135, as a statement against interest under NRS 51.345(1), or pursuant to the general hearsay exception under NRS 51.075. Under these circumstances, where the notes clearly contained out-of-court statements of several individuals and Colvin made no argument to the district court that the notes were not hearsay or were admissible under a hearsay exception, we cannot say that the district court abused its discretion in sustaining the State's objection. *See* NRS

47.040(1)(b). Furthermore, Colvin fails to demonstrate that the district court's exclusion of the hearsay evidence constitutes plain error, as none of the facts underlying the bases for the hearsay exceptions appear in the record.

Eighth, Colvin argues that the State committed prosecutorial misconduct by eliciting from L.H. that she was looking away from Colvin because she was afraid of him. In reviewing claims of prosecutorial misconduct, we must first determine whether the prosecutor's conduct was improper and, if so, whether the conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). We conclude that the State did not commit prosecutorial misconduct by eliciting testimony from L.H. that she was nervous and that she was facing away from the defense table because she was scared of Colvin. This testimony was relevant to L.H.'s credibility, and the district court overruled Colvin's objection but allowed the defense the opportunity to cross-examine L.H. about this testimony. Under these circumstances, we conclude no relief is warranted on this ground.

Ninth, Colvin contends that the State committed prosecutorial misconduct by asking leading questions of State witnesses despite repeated admonishments by the district court. Although some of the challenged questions were leading and therefore not permitted on direct examination without the court's permission, *see* NRS 50.115(3)(a), we conclude that any misconduct did not substantially affect the jury's verdict. *Valdez*, 124 Nev. at 1189, 196 P.3d at 476. Thus, no relief is warranted on this ground.

Tenth, Colvin contends that the State committed prosecutorial misconduct during closing arguments by stating falsely that L.H. was seven years old in 2005 when the criminal conduct began, by improperly

vouching for L.H. and opining that L.H. was telling the truth, by misstating the testimony of an expert witness, and by placing a "duty to convict" on the jury's shoulders. Colvin failed to object below to any of these alleged instances of misconduct, and we conclude that none of these instances constitute misconduct which rises to the level of plain error affecting his substantial rights. *See id.* at 1190, 196 P.3d at 477 (failure to object to prosecutorial misconduct warrants plain error review).

Finally, Colvin argues that the cumulative effect of errors warrants a new trial. "The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Id.* at 1195, 196 P.3d at 481 (internal quotation marks omitted). As discussed above, Colvin has demonstrated one error warranting reversal and a new trial on his child abuse convictions. We conclude that any other errors, even considered cumulatively, do not warrant reversal of his other convictions. *See Mulder v. State*, 116 Nev. 1, 16, 992 P.2d 845, 854-55 (2000) (stating that in reviewing a cumulative-error claim, this court considers "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged").

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Stefany Miley, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk