# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### JANUARY TERM, 1915

[No. 2149]

STATE OF NEVADA, RESPONDENT, *v.* JOE
PIERPOINT, APPELLANT.

[147 Pac. 214]

1. RAPE—ATTEMPT TO COMMIT—INDICTMENT.
    Under Rev. Laws, sec. 6291, providing that an act done with
    intent to commit a crime, and tending, but failing, to accom-
    plish it, is an attempt to commit that crime, and section 6442,
    declaring that carnal knowledge of a female child under 16
    is "rape," an indictment alleging that the accused attempted
    to carnally know a female child of 13 by procuring her to get
    in bed with him and soliciting her to have intercourse with him
    with intent to rape is sufficient to charge at attempt to rape.

APPEAL from the Seventh Judicial District Court,
Esmeralda County; *Peter J. Somers*, Judge.

Joe Pierpoint was convicted of crime, and he appeals.
**Affirmed.**

*Francis McNulty*, for Appellant:

The indictment charges no specific act constituting an
attempt. It amounts only to a charge of solicitation,
and, hence, is insufficient. (*State* v. *Lung*, 21 Nev. 214.)

*Geo. B. Thatcher*, Attorney-General, and *M. A. Diskin*,
District Attorney, for Respondent.

By the Court, Norcross, C. J.:

Appellant was convicted of the crime of attempt to commit rape, and from the judgment appeals.

Two questions are presented in the brief of appellant, and they involve the sufficiency of the indictment to charge the offense and the sufficiency of the evidence to justify the verdict. The charging part of the indictment reads:

"The said defendant, Joe Pierpont, * * * being then and there a person over the age of 16 years, to wit, of the age of 23 years, did then and there unlawfully and feloniously attempt to carnally know upon the person of _____, a female child under the age of 16 years, to wit, of the age of 13, by procuring her to get in bed with him, the said defendant, and soliciting her to have intercourse with him, all with the felonious intent then and there to rape," etc.

Without here reviewing the evidence, we deem it sufficient to say that we have examined the transcript of the testimony, and that the charges contained in the indictment are amply supported by the testimony. It remains only to determine the sufficiency of the indictment.

Carnal knowledge of a female child under the age of 16 years, with or without her consent, by a male person over the age of 16 years, constitutes rape. (Rev. Laws, sec. 6442.)

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." (Rev. Laws, sec. 6291.)

Cyc., treating of the law of attempt to commit rape, says:

"To constitute an attempt to rape, there must be something more than mere preparation; there must be some overt act with intent to commit the crime, coupled with an actual or apparent present ability to complete the crime. Mere indecent advances, solicitations, or importunities do not amount to an attempt." (33 Cyc. 1431.)

Conceding, for the purposes of this case, that the rule that mere indecent advances, solicitations, or importunities applies in cases where the female child is below the

age of consent, nevertheless we are of the opinion that the indictment in this case sufficiently charges an overt act, to wit, procuring the child to get in bed with the defendant, which, together with the solicitation, is sufficient to constitute a sufficient charge under the statute. (*Glover* v. *Com.*, 86 Va. 382, 10 S. E. 420.)

In the recent case of *State* v. *Nelson*, 36 Nev, 403, 136 Pac. 377, we sustained a conviction of an assault with intent to commit rape upon a female child under the age of consent upon evidence of facts far less conclusive than the facts charged in this indictment.

Judgment affirmed.