THOMAS ROBERT STEPHENS, Appellant, v. SHER–
IFF, CLARK COUNTY, NEVADA, Respondent.

No. 9760

June 29, 1977                                   565 P.2d 1007

*Morgan D. Harris,* Public Defender, and *Thomas L. Leen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Thomas Robert Stephens and another person were indicted by the Clark County Grand Jury for conspiracy to commit murder (felony, NRS 199.480) and attempted murder (felony, NRS 200.010, 200.030, and 208.070). Thereafter, in a pretrial petition for a writ of habeas corpus, Stephens contended there was insufficient evidence presented to the grand jury to support the charge of attempted murder. The district judge

denied habeas, and, in this appeal, Stephens raises the same contention.[1]

The record shows that Stephens and his co-defendant sought the aid of two undercover police officers, posing as "hit men," in a plot to murder one Reed Siegfried. It further reflects that Appellant made preparations for a contract murder by enlisting the assistance of two undercover officers, and not only outlined details of the proposed murder including the identity, daily habits, and residence of the proposed victim, but further the method by which the murder was to be perpetrated and the proposed disposition of the body. Following this, a plan was devised whereby Stephens and his confederate would deliver Siegfried, the intended victim, to the undercover officers at a designated area where the homicide was to occur.

Stephens claims that his participation in the scheme to kill the victim did not achieve the dignity of an attempt "because there was no direct movement toward the commission of a crime;" therefore, he argues an essential element is lacking and the charge must be dismissed.[2] We disagree. If only the foregoing alleged facts had occurred relating primarily as they do to the conspiracy charge, it is quite possible that a true "attempt" would not have been effectuated. However, the apparent, subsequent conveyance and delivery of Siegfried to the purported killers stands as an adequate act in perpetration to elevate their behavior to that of attempted murder.

An attempt requires only that the Appellant have an intent to commit the crime and that he take a direct but ineffectual act toward the commission of the crime. Darnell v. State, 92 Nev. 680, 558 P.2d 624 (1976); State v. Thompson, 31 Nev. 209, 101 P. 557 (1909). In our view, Stephens' conduct, coupled with the delivery of Siegfried to the "hit men," is sufficient to support the charge of attempted murder. Accordingly, we affirm.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[1]Neither Stephens nor his co-defendant challenged the conspiracy charge.

[2]NRS 208.070 describes an attempt as "[a]n act done with intent to commit a crime, and tending but failing to accomplish it."