GEORGE STANLEY PICKARD, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10003

November 10, 1978                                    585 P.2d 1342

*Horace R. Goff,* State Public Defender, *J. Thomas Susich,* Deputy Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Larry G. Bettis,* District Attorney, Mineral County, for Respondent.

*Dean Breeze,* National Organization for the Reform of Marijuana Laws, Las Vegas, *Amicus Curiae.*

## OPINION

By the Court, GUNDERSON, J.:

George Stanley Pickard appeals his conviction for sale of a controlled substance to a minor, contending the district court (1) lacked authority to empanel additional jurors without his consent, and (2) erroneously refused to permit discovery of prosecution witnesses' juvenile records. Pickard additionally attacks his mandatory life sentence imposed under NRS 453.321(2)(a)(2) as violative of the cruel and unusual punishment proscriptions of the federal constitution.

Pickard was initially charged with four counts of sale of a controlled substance to a minor. Testimony at trial revealed Pickard gave less than one ounce of marijuana to a minor, Lloyd DeMars. The jury found Pickard guilty on only one count, and the district court sentenced him to a life sentence as mandated by the statute then in existence.

1. Before trial the district court drew 60 names from the Mineral County jury box to serve on the jury panel. Trial commenced one month later with 59 members of the jury panel present. After the first day of jury selection, the panel was exhausted. The court then ordered 40 new names drawn from the jury box, despite appellant's objections. Appellant claims the district court lacked authority to select additional panel members without his consent pursuant to NRS 6.080(2).[1] We believe the consent requirement of NRS 6.080(2) is only applicable to the manner of selection of the initial jury panel. Consent is not required when the particular panel selected for trial is exhausted.

---

[1]NRS 6.080(2) provides:

"OPEN VENIRE. It shall at all times be in the discretion of the court, with the consent of all parties litigant to the action or actions to be tried thereby, either to draw the names of the jurors from the box or to issue an open venire directed to the sheriff, . . ."

In counties with a population in excess of 100,000, the jury commissioner selects the yearly list of jurors called the "jury box." *See* NRS 6.045; NRS 6.090. In all other counties each board of county commissioners selects names from the qualified electors to constitute the jury box. *See* NRS 6.050; NRS 6.060. A "jury panel" is then chosen from the jury box for use at any particular trial. *See* NRS 6.090. In the event the district court decides to abandon the procedure for selection of a "regular panel" of jurors, *Ibid.,* the court is then given discretion to instruct the sheriff to summon an open venire, but only "with the consent of all parties litigant." NRS 6.080(2); *cf.* State v. McFadden, 43 Nev. 140, 182 P. 745 (1919). The district court was, therefore, not required to obtain appellant's consent after the initial 59 members of the jury panel were exhausted.

2.   Appellant next contends the district court committed constitutional error in refusing to grant his discovery request to examine the juvenile records of the principal prosecution witnesses. The district court denied the request pursuant to NRS 62.270(1).[2]

In Davis v. Alaska, 415 U.S. 308 (1974), the Supreme Court held that a state's policy interest in protecting the confidentiality of a juvenile offender's records, must yield to the right of effective cross-examination to test the credibility of a witness under the Sixth Amendment of the federal constitution. In *Davis* the state of Alaska was required to surrender the juvenile records of the prosecution witness, so that the defendant could show the existence of possible *bias or prejudice* which the witness may have felt because of his then current status as a juvenile on probation. However, *Davis* does not require the discovery of juvenile records "to *impeach the general credibility* of a witness through cross-examination about his past delinquency adjudications or criminal convictions". (Emphasis· added.) *See Ibid.* at 321, concurring opinion of J. Stewart.[3] Here, it appears that appellant desired the records to show bias and prejudice, because the prosecuting witnesses were not charged for their participation in the criminal scheme, and therefore, that the district court arguably erred by denying the requested discovery. However, we believe any such error must be deemed harmless, because the court permitted appellant to

---

[2]NRS 62.270(1) provides in pertinent part:

"The court shall make and keep records of all [juvenile] cases brought before it . . . [T]he records shall be open to inspection only by order of the court to persons having a legitimate interest therein."

[3]NRS 50.095(4) is consistent with the *Davis* holding. It provides: "Evidence of juvenile adjudications is inadmissible [to attack the credibility of a witness]."

cross-examine the witnesses extensively concerning their relationship with the prosecution and the possibility of an immunity grant. *See* State v. Deffenbaugh, 536 P.2d 1030 (Kan. 1975).

3. At the time of appellant's conviction and sentence, NRS 453.321(2)(a)(2) mandated life imprisonment.
It provided:

2. Any person 21 years of age or older who . . . gives away a controlled or counterfeit substance . . . classified in:

(a) Schedule I . . . to a person who is:
. . .
(2) Under 21 years of age shall be punished by imprisonment in the state prison for life with the possibility of parole and may be further punished by a fine of not more than $5,000. Eligibility for parole begins when a minimum of 7 years has been served. . . ." 1977 Nev. Stats. 1411.

In 1977 the legislature amended the statute to read:

1. [I]t is unlawful for any person to . . . give away . . . a controlled or counterfeit substance . . .

2. If any person violates subsection 1, and the controlled substance is [marijuana], he shall be punished:

(a) *For the first offense, by imprisonment in the state prison for life or for a definite term of not less than 1 year nor more than 20 years and may be further punished by a fine of not more than $5,000.* (Emphasis added.) NRS 453.321.

Appellant contends the imposition of a mandatory life sentence for the first offense of giving less than one ounce of marijuana to a minor is cruel and unusual punishment in violation of the Eighth Amendment of the federal constitution, and that he should be resentenced under the new statute. We do not agree.

Punishment may be constitutionally impermissible under the Eighth Amendment not only because of its nature or mode, but also because of its severity or harshness. In Coker v. Georgia, 433 U.S. 584, 592 (1977), the Supreme Court reaffirmed its prior holding in Gregg v. Georgia, 428 U.S. 153 (1976), that "a punishment is 'excessive' and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. A punishment might fail

the test on either ground." Although it is distinctly arguable that appellant's sentence in this case is "grossly out of proportion to the severity of the crime," this court would feel unjustified in so concluding, upon the record before us.

Accordingly, although we affirm appellant's conviction, we have ordered appellant's case placed on the agenda for consideration at the next meeting of the Nevada Board of Pardons.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur.