WILLIAM JAMES RAMOS, Jr., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9701

April 6, 1979                    592 P.2d 950

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

After a domestic quarrel with the victim, appellant followed her to her place of employment and shot her in the chest at point blank range. The victim survived and appellant was indicted for attempted murder, tried by a jury and convicted of attempted murder in the second degree. NRS 200.030; NRS 208.070. Appellant contends that his conviction is fatally defective because the trial court gave an erroneous jury instruction. We agree.

The defective instruction reads in pertinent part: "Attempted Murder in the Second Degree occurs when the Defendant committed [sic] an act which evidences an abandoned and malignant heart and yet did not premeditate and *did not intend* to kill" (emphasis added). The instruction is a misstatement of the law. An attempt requires that an act be done

with intent to commit a crime. NRS 208.070; Stephens v. Sheriff, 93 Nev. 338, 565 P.2d 1007 (1977).

The last paragraph of the erroneous instruction tells the jury that the appellant may be found guilty of attempting to murder the victim if they believe that he merely committed an aggravated battery upon her. In People v. Viser, 343 N.E.2d 903, 910 (Ill. 1975), it was pointed out that, "[t]here is no such criminal offense as an attempt to achieve an unintended result". It was error to instruct the jury that the defendant could be found guilty of attempted murder in the second degree in the absence of an intent to kill.

This case is remanded to the district court with instructions to vacate the judgment of conviction of attempted second degree murder and grant appellant a new trial.