KERRY VAN BELL, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 18975

June 22, 1989                                          775 P.2d 1273

*Morgan D. Harris,* Public Defender, and *David T. Wall,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, and *Eric G. Jorgenson,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

An indictment charged appellant Kerry Van Bell with attempted sexual assault. The indictment alleged that appellant committed the following acts: paid a woman a $100 finder's fee to procure a young girl for sexual intercourse; negotiated with an undercover officer for the purchase of a young girl; offered the undercover officer $150 to have a child furnished to him; chose a young girl, represented to be five or six years of age, from a collection of photographs supplied by the undercover officer; and prepared for sexual intercourse with the young girl by arranging for a room and purchasing vaseline to use as a lubricant. The testimony adduced at trial mirrored the allegations set forth in the indictment.

A jury found appellant guilty of attempted sexual assault. The trial judge sentenced him to a term of eighteen years, running concurrently with a sentence imposed by the superior court in California.

Appellant raises three allegations of error on appeal. He contends that the indictment alleged insufficient facts to constitute the offense of attempted sexual assault. He also claims that the district court erred in denying his motion for an advisory verdict of acquittal and that the prosecution presented insufficient evidence to support the jury's verdict.

Preliminarily, we restate our position regarding the doctrines of legal and factual impossibility first set forth in Darnell v. State, 92 Nev. 680, 558 P.2d 624 (1976).[1] In *Darnell,* we declined to distinguish between physical and legal impossibility, focusing instead on the specific intent to commit the substantive offense. *Darnell,* 92 Nev. at 682, 558 P.2d at 625. Thus, we extended the criminality of attempts. Applying *Darnell* to the instant case, the

---

[1]*Darnell* involved receipt of stolen firearms which had lost their "stolen" status when the police recaptured them. We upheld a jury conviction of attempted possession of stolen property because under the circumstances, as the defendant reasonably viewed them, he did the acts necessary to commit the substantive crime. *Darnell,* 92 Nev. at 681-682, 558 P.2d at 625. Specifically, the defendant intended to and received goods which he believed were stolen. *Id.* at 682, 558 P.2d at 626.

fact that no child was available does not, in itself, bar appellant's conviction for attempted sexual assault. Rather, appellant stipulated that he intended to commit sexual assault upon the five or six-year-old girl whose photograph he selected.

An attempt to commit a crime is an act done with intent to commit that crime, and tending but failing to accomplish it. NRS 193.330. Specifically, to prove attempted sexual assault, the prosecution must establish that (1) appellant intended to commit sexual assault; (2) appellant performed some act toward the commission of the crime; and (3) appellant failed to consummate its commission. *See* Larsen v. State, 86 Nev. 451, 453, 470 P.2d 417, 418 (1970) (stating the elements of an attempt in general).

As already stated, appellant stipulated that he intended to commit sexual assault upon the young girl whom he picked from a collection of photographs and who he believed was five or six years of age. Nevertheless, he did not accomplish this crime. Therefore, this appeal focuses on whether appellant's acts sufficed for attempt liability.

This court previously held that "[m]ere indecent advances, solicitations, or importunities do not amount to an attempt [to rape]." State v. Pierpoint, 38 Nev. 173, 174, 147 P. 214 (1915). (Citation omitted.) Likewise, mere preparation to commit a crime is insufficient to constitute an attempt. State v. Verganadis, 50 Nev. 1, 4, 248 P. 900, 901 (1926). However, we also held that when the design of a person to commit a crime is clearly shown, slight acts done in furtherance of that crime will constitute an attempt. *Larsen,* 86 Nev. at 454, 470 P.2d at 419.

Appellant argues that Nevada law applies a "proximity approach" in determining what acts will suffice for attempt liability. He maintains that all the cases in which this court concluded that an attempt occurred involved the element of proximity not present in the instant case. Consequently, he claims that his acts of solicitation and preparation, made at a distance from the place where the substantive offense was to be committed, did not constitute an attempt. We disagree.

Admittedly, most cases upholding attempt convictions do involve situations in which there was a physical or dangerous proximity to successfully committing the crime. Moreover, under the circumstances as appellant reasonably viewed them, he was both physically and temporally close to committing sexual assault on the young girl. At the time of appellant's arrest, appellant and the undercover agent had started driving to the apartment where

appellant would engage in sex with the young girl. Thus, the facts in the instant case compare to those in Stephens v. Sheriff, 93 Nev. 338, 565 P.2d 1007 (1977).

In *Stephens*, a case involving an attempted contract killing, this court discussed the difference between preparation and an overt action toward the accomplishment of the crime. The evidence established that the defendant arranged with two undercover officers to murder a specified individual. The defendant met with the officers and related to them the proposed victim's identity, residence and daily habits. They also discussed the method of murder and the disposal of the body. In addition to these preparatory steps, the defendant subsequently transported the proposed victim to the place where the "hit men" were to commit the murder. Consequently, this court concluded that the conveyance and delivery of the proposed victim to the feigned killers stood as an adequate act in perpetration of the crime, elevating the defendant's behavior to that of attempted murder. *Id.* at 339, 565 P.2d at 1008.

Additionally, in our review of the elements of an "attempt" offense, we emphasize the inverse relationship which exists between the defendant's intent to commit the crime and the performance of an overt act toward the commission of the crime. *See* People v. Dillon, 668 P.2d 697 (Cal. 1983) (concluding that the plainer the intent to commit the offense, the more likely that steps taken in the early stages of the commission of crime will satisfy the overt act requirement); *see also* Larsen v. State, 86 Nev. 451, 470 P.2d 417 (1970) (holding that when the defendant's intent to commit the crime is clearly shown, slight acts done in furtherance of that crime constitute attempt).

In the present case, we have the clearest evidence of appellant's intent to commit sexual assault on the young girl. He stipulated that this was his intent. Given the unequivocal evidence of appellant's intent to commit the crime, we hold that his acts of driving toward the apartment where the girl was allegedly waiting and purchasing vaseline to use as a lubricant sufficed for attempt liability.

Therefore, the prosecution alleged sufficient facts to support the indictment, and the trial court did not err in refusing appellant's motion for an advisory verdict of acquittal. Moreover, we will neither disturb a jury's verdict nor set aside the judgment when substantial evidence exists in support of the verdict. Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981). Since the record contains ample evidence of appellant's guilt, we affirm the judgment of conviction of attempted sexual assault.