JEFFREY LEE JOHNSON, AKA JEFFEREY L. JOHNSON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 46794

June 14, 2007                                    159 P.3d 1096

[Rehearing denied August 8, 2007]

*Cristina A. Hinds*, Las Vegas, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before PARRAGUIRRE, HARDESTY and SAITTA, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this opinion, we consider whether a defendant may be convicted of attempting to lure a child under NRS 201.560 when the "child" is actually an undercover law enforcement officer posing on the Internet as a child. We conclude that such a conviction is proper.

### FACTS

Appellant Jeffrey Lee Johnson corresponded through the Internet with several undercover law enforcement officers who represented themselves to Johnson as 14-year-old girls. Due to the content of those conversations, Johnson was charged with violating the

attempt provision of NRS 201.560. He pleaded guilty to one count of violating the statute. He did not file a direct appeal.

In his postconviction petition for a writ of habeas corpus, Johnson claimed his counsel was ineffective for failing to argue at any stage in the proceedings that, because Johnson did not communicate with any actual children, it was impossible for him to have violated the attempt provision of NRS 201.560. He also claimed his counsel was ineffective for allowing him to plead guilty under these circumstances.

The district court denied Johnson's petition, ruling that a violation of the attempt provision of NRS 201.560 does not require an actual child victim. This appeal followed.

## DISCUSSION

*The attempt provision of NRS 201.560 does not require an actual child victim*

NRS 201.560 provides in relevant part:

> 1. . . . [A] person shall not knowingly contact or communicate with or attempt to contact or communicate with a child who is less than 16 years of age and who is at least 5 years younger than the person with the intent to persuade, lure or transport the child away from his home or from any location known to his parent or guardian or other person legally responsible for the child to a place other than where the child is located, for any purpose:
> (a) Without the express consent of the parent or guardian or other person legally responsible for the child; and
> (b) With the intent to avoid the consent of the parent or guardian or other person legally responsible for the child.

NRS 201.560(4)(a) provides that a violation or attempted violation of the statute is a category B felony when the defendant used a computer and intended to engage in sexual conduct with the child.

In *State v. Colosimo*, we held that a conviction under NRS 201.560 for unlawful contact with a child required a victim who was actually a child and would not lie where, unbeknownst to the defendant, the "child" was an undercover law enforcement officer.[1] More specifically, we held that the language of NRS 201.560 clearly and unambiguously required that "in order to commit the offense described, a defendant's intended victim must be 'less

---

[1]122 Nev. 950, 959-61, 142 P.3d 352, 358-59 (2006).

than 16 years of age' and that the victim must have actual parents or guardians whose express consent was absent or avoided."[2] Because Colosimo was charged only with a completed violation of the statute, not an attempted violation, we specifically left open the question presented in the instant case of whether an actual child victim was required to support a conviction for *attempting* to unlawfully contact a child.[3] We now conclude that a conviction for attempting to unlawfully contact a child will lie where the defendant believed the person with whom he was corresponding was a child, even if the purported child was not an actual child.

In an attempt crime such as that at issue here, the defendant's intent is key. NRS 193.330(1) defines attempt as "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it." We reaffirmed in *Sharma v. State* that " '[a]n attempt crime is a specific intent crime; thus, the act constituting [the] attempt must be done with the intent to commit that crime.' "[4] When he entered his guilty plea, Johnson admitted that he used a computer in an attempt to contact children and suggest they meet for sexual conduct. This was sufficient to establish that Johnson intended to violate NRS 201.560.

We have previously affirmed attempt convictions where the defendant intended to complete the crime but was unable to do so due to facts unknown to him. For example, in *Darnell v. State*,[5] we affirmed a conviction of attempted possession of stolen property where the defendant mistakenly believed the property was stolen. This court held that

> even though the actual commission of the substantive crime is impossible because of circumstances unknown to the defendant, he is guilty of an attempt if he has the specific intent to commit the substantive offense, and under the circumstances, as he reasonably sees them, he does the acts necessary to consummate what would be the attempted crime.[6]

Similarly, in *Bell v. State*,[7] we affirmed a conviction for attempted sexual assault when, among other facts, the defendant offered to pay an undercover officer to procure a minor for the purposes of sexual contact, selected the child from a group of photographs the officer showed him, and drove toward the estab-

---

[2]*Id.* at 960-61, 142 P.3d at 359.

[3]*Id.* at 961 n.39, 142 P.3d at 359 n.39.

[4]118 Nev. 648, 653, 56 P.3d 868, 871 (2002) (quoting *Tanksley v. State*, 113 Nev. 844, 849, 944 P.2d 240, 243 (1997)).

[5]92 Nev. 680, 558 P.2d 624 (1976).

[6]*Id.* at 681-82, 558 P.2d at 625 (footnote and citation omitted).

[7]105 Nev. 352, 353, 775 P.2d 1273, 1274 (1989).

lished meeting place. The court affirmed the conviction even though there was no actual minor victim at risk: "Applying *Darnell* to the instant case, the fact that no child was available does not, in itself, bar appellant's conviction for attempted sexual assault. Rather, appellant stipulated that he intended to commit sexual assault upon the five or six-year-old girl whose photograph he selected."[8]

In considering United States Code title 18, section 2422(b), which contains an attempt provision similar to NRS 201.560, the Ninth Circuit Court of Appeals concluded that no minor victim was required to sustain a conviction for violating the attempt provision of the statute as long as the defendant believed the person with whom he was corresponding was a minor.[9] Rather,

> [t]he guilt arises from the defendant's knowledge of what he intends to do. In this case, knowledge is subjective—it is what is in the mind of the defendant. Thus, a jury could reasonably infer that Meek knowingly sought sexual activity, and knowingly sought it with a minor. That he was mistaken in his knowledge is irrelevant.[10]

We conclude that a conviction for attempting to lure a child pursuant to NRS 201.560 is proper when the State proves or the defendant admits that he attempted to contact a person whom he believed was a child. Johnson pleaded guilty to attempting to contact children for the purpose of sexual conduct. His conviction was proper even though there was no actual child at risk, only an adult posing as a child. Johnson thus had no availing challenge to the charges based on the lack of an actual child victim. We therefore conclude the district court did not err in rejecting Johnson's claim that his counsel was ineffective, because Johnson failed to demonstrate that his counsel's performance was deficient or that he suffered prejudice.[11]

*Johnson was properly advised regarding the sentence of lifetime supervision*

Johnson also claimed that his guilty plea was unknowingly and involuntarily entered because he was not advised of the specific

---

[8]*Id.* at 353-54, 775 P.2d at 1274.

[9]*U.S. v. Meek*, 366 F.3d 705, 718-19 (9th Cir. 2004).

[10]*Id.* at 718.

[11]*See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that a claim of ineffective assistance of counsel requires a petitioner to demonstrate that his counsel's performance was deficient and resulted in prejudice); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that, where a petitioner's convi-

consequences of lifetime supervision.[12] A guilty plea is presumptively valid, and Johnson carries the burden of establishing that his plea was not entered knowingly and intelligently.[13] This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion.[14] We conclude the district court did not abuse its discretion in rejecting this claim. A defendant need not be informed of the specific conditions of lifetime supervision at entry of the plea because these conditions are not determined until after a hearing conducted just prior to the expiration of the defendant's term of imprisonment, parole, or probation.[15]

## CONCLUSION

A violation of the attempt provision of NRS 201.560 does not require an actual child victim. Conviction for violation of the attempt provision is proper as long as the defendant intended to communicate with a child. The district court did not err in rejecting Johnson's claims that his counsel was ineffective for failing to argue otherwise and for allowing him to plead guilty. Johnson was also properly advised regarding the sentence of lifetime supervision, and the district court did not abuse its discretion in ruling that his guilty plea was entered knowingly and voluntarily.[16]

Accordingly, we affirm the order of the district court denying Johnson's petition.

PARRAGUIRRE and SAITTA, JJ., concur.

---

tion was the result of a guilty plea, a showing of prejudice requires petitioner to demonstrate that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996).

[12]Johnson signed a guilty plea agreement that advised him he would be sentenced to lifetime supervision. During the plea colloquy, the district court also advised Johnson he would be sentenced to lifetime supervision, which Johnson acknowledged he understood.

[13]*Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 877 P.2d 519 (1994).

[14]*Hubbard*, 110 Nev. at 675, 877 P.2d at 521.

[15]*See* NRS 213.1243(1); NAC 213.290; *see also Palmer v. State*, 118 Nev. 823, 827, 59 P.3d 1192, 1194-95 (2002).

[16]We need not address Johnson's claim that *Colosimo* should be applied to him, as the holding of that case would not entitle him to relief. The defendant in *Colosimo* was charged with a completed, not attempted, violation of the statute. 122 Nev. at 961 n.39, 142 P.3d at 359 n.39. Johnson, in contrast, was charged with and pleaded guilty to attempting to violate the statute.