# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES VINCENT BANKS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 75106 |

FILED

SEP 2 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder and battery with the use of a deadly weapon resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant James Vincent Banks first argues that he did not knowingly and intelligently waive his right to counsel because neither the justice court nor the district court informed him of the potential penalties he could face if he were adjudicated a habitual criminal. We agree.

Before accepting a defendant's waiver of his right to counsel, the district court must ensure that the defendant is competent and the waiver was knowingly, intelligently, and voluntarily made. *Watson v. State*, 130 Nev. 764, 782, 335 P.3d 157, 170 (2014); *Hooks v. State*, 124 Nev. 48, 53-54, 176 P.3d 1081, 1084 (2008). A waiver is knowing, intelligent, and voluntary when the defendant is "made aware of the dangers and

disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Hooks*, 124 Nev. at 54, 176 P.3d at 1084 (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)). The defendant should understand "the elements of each crime" charged, including "the possible penalties or punishments, and the total possible sentence the defendant could receive" if convicted. SCR 253(3)(f), (g); *see also Hooks*, 124 Nev. at 54, 176 P.3d at 1084. Because there is no requirement for a mechanical application of a *Faretta* canvas, we look at the record as a whole to determine whether "the defendant knew his rights and insisted upon representing himself." *Hymon v. State*, 121 Nev. 200, 212-13, 111 P.2d 1092, 1101 (2005) (internal quotation marks omitted).

The record before us reveals that Banks first expressed a desire to represent himself during his initial appearance in justice court. The justice court conducted a *Faretta* canvass and accepted Banks' waiver of his right to counsel. Banks was bound over to district court and, during arraignment, he again expressed a desire to represent himself. The district court conducted its own *Faretta* canvass but did not inform Banks of the potential penalties he could face if he were adjudicated a habitual criminal. The court did inform Banks that he faced "very serious charges," before accepting his waiver of his right to counsel. Approximately one year later, and four months before the start of trial, the State filed its notice of intent to seek punishment as habitual criminal. The district court proceeded to trial without recanvassing Banks to inform him of the potential penalties he could face if he were adjudicated a habitual criminal.

We conclude that the record as a whole does not demonstrate that Banks knowingly, intelligently, and voluntarily waived his right to

 

counsel—particularly given "we 'indulge in every reasonable presumption against waiver' of the right to counsel." *Hooks*, 124 Nev. at 57, 176 P.3d at 1086 (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977); *see also Scott v. State*, 110 Nev. 622, 626, 877 P.2d 503, 506 (1994) (providing that because the defendant was not "informed that he might be facing an additional charge with a greater penalty" if found guilty at the conclusion of trial, his "waiver of the right to counsel [was] unknowing and unintelligent, and thus invalid under *Faretta*"). "Because harmless-error analysis does not apply to an invalid waiver of the right to counsel," we must reverse Banks' judgment of conviction and remand for a new trial. *Hooks*, 124 Nev. at 57-58, 176 P.3d at 1086-87.

We further conclude that Banks' claim of instructional error likewise warrants reversal and remand for a new trial. Banks argues that the district court erred when instructing the jury on attempted murder because Jury Instruction No. 12 (defining malice aforethought) recited the standard for implied malice, which is inapplicable to attempted murder, and the district court compounded this error when it denied his request for a separate instruction on express malice. The State responds that the jury was properly instructed on the relevant standard in a separate instruction, Jury Instruction No. 10 (defining attempted murder), and that it was not error for the district court to give the malice aforethought instruction with the implied malice standard because the district court did not specifically instruct the jury on implied malice. We disagree.

It is reversible error to instruct the jury that attempted murder can be accomplished without specific intent to kill. *See Ramos v. State*, 95 Nev. 251, 252-53, 592 P.2d 950, 951 (1979). "Attempted murder is the performance of an act or acts which tend, but fail, to kill a human being,

when such acts are done with express malice, namely, with the deliberate intention unlawfully to kill." *Keys v. State*, 104 Nev. 736, 740, 766 P.2d 270, 273 (1988); *see also* NRS 193.330(1); NRS 200.010. "Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof." NRS 200.020(1). By contrast, implied malice occurs "when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart." NRS 200.020(2). "One cannot be guilty of attempted murder by implied malice because implied malice does not encompass the essential specific intent to kill." *Keys*, 104 Nev. at 740, 766 P.2d at 273.

Here, Jury Instruction No. 10 defined attempted murder and express malice as follows:

> Attempt[ed] Murder is the performance of an act or acts which tend, but fail, to kill a human being, when such acts are done with express malice, namely, with the deliberate intention to unlawfully kill.

Jury Instruction No. 12 instructed the jury that:

> Malice aforethought means the intentional doing of a wrongful act without legal cause or excuse or what the law considers adequate provocation. The condition of mind described as malice aforethought may arise, from anger, hatred, revenge or from particular ill will, spite or grudge toward the person killed. It may also arise from any unjustifiable or unlawful motive or purpose to injure another, proceeding from a heart fatally bent on mischief, or with reckless disregard of consequences and social duty. Malice aforethought does not imply deliberation or the lapse of any considerable time between the malicious intention to injure another and the actual execution of the

SUPREME COURT
OF
NEVADA

(O) 1947A

4

> intent but denotes an unlawful purpose and design
> as opposed to accident and mischance.

Although this instruction tracks NRS 200.020(2)'s definition of implied malice, it makes no mention of attempted murder or express malice and was thus a misstatement of the applicable law and misleading to the jury. *See Keys*, 104 Nev. at 741, 766 P.2d at 273 (determining that the district court's refusal to instruct the jury that specific intent was an essential element of attempted murder was reversible error, and this error was enhanced because the implied malice instruction "was necessarily misleading to the jury"). The district court's error in refusing to separately instruct the jury on express malice was compounded by the State when it argued in closing the elements for implied malice.

On this record, we cannot say that the error was harmless. *See Crawford v. State*, 121 Nev. 744, 756, 121 P.3d 582, 590 (2005) (providing that an error is harmless if the reviewing court is "convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case"). Because "it was . . . not made clear to the jury that nothing less than a specific criminal intent to kill must be shown in order to establish the crime of attempted murder," we must reverse Banks' judgment of conviction and remand for a new trial. *Keys*, 104 Nev. at 742, 766 P.2d at 273-74; *see also People v. Kraft*, 478 N.E.2d 1154, 1157 (Ill. App. Ct. 1985).

Accordingly, we ORDER the judgment of conviction

REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Michelle Leavitt, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]Banks raises several other issues on appeal. In light of our decision to reverse the judgment of conviction based on Banks' invalid waiver of his constitutional right to counsel and the district court's error in instructing the jury on attempted murder, we need not address his remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A