# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTIAN LEONARD FLORES-MARTINEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79974

FILED

NOV 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of sexual assault against a child under sixteen. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Prior to sentencing, appellant Christian Flores-Martinez moved to withdraw his guilty plea. He argued that counsel was ineffective, a language barrier prevented him from fully understanding the evidence, and that he panicked before pleading guilty. The district court denied his motion, finding that Flores-Martinez entered the plea freely, knowingly, and voluntarily, and that he failed to establish a "fair and just" reason for withdrawal. The district court refused to review his ineffective-assistance-of-counsel argument, finding that it was not properly before the court.

Before sentencing, Flores-Martinez moved to deem NRS 200.366(3)(b), the statute fixing the mandatory sentence for his crime, unconstitutional. The district court declined to resolve the constitutional challenge and sentenced Flores-Martinez to life with the possibility of parole after 25 years, the mandatory sentence under NRS 200.366(3)(b). This timely appeal followed.

*Flores-Martinez's presentence motion to withdraw his guilty plea*

20-42858

Flores-Martinez argues that the district court abused its discretion when it denied his presentence motion to withdraw his guilty plea. A defendant may move to withdraw a guilty plea before sentencing. NRS 176.165. A district court can grant the motion "for any reason where permitting withdrawal would be fair and just." *Stevenson v. State*, 131 Nev. 598, 604, 354 P.3d 1277, 1281 (2015) (disavowing the previous standard, which focused exclusively on whether the plea was knowingly, voluntarily, and intelligently made). When making this determination, "the district court must consider the totality of the circumstances." *Id.* at 603, 354 P.3d at 1281. "This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion." *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007).

We have held that an ineffective-assistance-of-counsel argument can form the basis of a motion to withdraw a guilty plea. *See Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004) ("A defendant who pleads guilty upon the advice of counsel may attack the validity of the guilty plea by showing that he received ineffective assistance of counsel under the Sixth Amendment to the United States Constitution." (internal quotation marks omitted)). Insofar as the district court refused to consider Flores-Martinez's ineffective-assistance-of-counsel argument, it erred.

Nonetheless, this error was harmless because Flores-Martinez failed to prove ineffective assistance of counsel. He alleges that his counsel was not prepared for trial because counsel did not hire any expert witnesses nor file any motions. He further asserts that his counsel only met with him twice and did not review discovery with him. However, the record belies those arguments. His counsel testified at the hearing on the motion that he only planned to call Flores-Martinez as a witness, which explains the lack

SUPREME COURT
OF
NEVADA

(O) 1947A

2

of noticed expert witnesses. And while Flores-Martinez argues that his counsel should have filed motions to exclude inadmissible evidence, he failed to provide any examples of what evidence may have been inadmissible. While he complains that his counsel only visited him twice in prison, the record shows at least ten visits from his counsel—three in person and the rest remote. Not only did Flores-Martinez fail to establish that counsel was ineffective, he failed to prove that but for counsel's alleged errors, he would not have pleaded guilty. *Id.* at 190-91, 87 P.3d at 537 (explaining that to prove ineffective assistance of counsel under these circumstances, "a defendant must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (internal quotation marks omitted)).

Further, the record supports the district court's findings that Flores-Martinez entered his plea freely, knowingly, and voluntarily, and that he failed to establish a "fair and just" reason for withdrawal. A Spanish-speaking interpreter was present during all critical interviews, meetings, and courtroom proceedings. Flores-Martinez argues that the deputy who conducted the initial interview was not fluent in Spanish because he had to use a phone app to interpret during the interview, but the record directly belies this argument. The deputy is bilingual and speaks English and Spanish fluently. He also argues that the interpreter at the pretrial hearing was not certified and had to speak louder at times, but he never argues that he could not *understand* the interpreter.[1] He therefore failed to prove that a language barrier resulted in a misunderstanding that rendered his guilty plea unknowing or involuntary. Furthermore, the

---

[1]Flores-Martinez also failed to object during the hearing or otherwise tell the district court that he could not understand the interpreter.

district court thoroughly canvassed Flores-Martinez before he pleaded guilty. During the canvass, Flores-Martinez admitted that he understood his sentence. Nothing in the record supports that he was panicked or otherwise impaired. We therefore conclude that the district court did not abuse its discretion by denying his motion to withdraw his guilty plea.

*Constitutionality of Flores-Martinez's sentence under NRS 200.366(3)(b)*

Flores-Martinez argues that his mandatory sentence under NRS 200.366(3)(b) constitutes cruel and unusual punishment. We disagree.

Both the United States and Nevada constitutions prohibit cruel and/or unusual punishment. *See* U.S. Const. amend. VIII; Nev. Const. art. 1, § 6. "A sentence does not constitute cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979). Flores-Martinez challenges both the statute's constitutionality and the reasonableness of his sentence.

First, Flores-Martinez argues that NRS 200.366(3)(b) is facially unconstitutional because it imposes penalties higher than any comparable statute in the nation, is excessive and extreme because it does not facilitate rehabilitation, and does not allow the sentencing judge to consider mitigating evidence. That Nevada's sentence for crimes of this nature is the highest in the nation does not render it unconstitutional. Rather, divergence in sentences among states "is the inevitable, and often beneficial, result of the federal structure." *People v. Cooper*, 51 Cal. Rptr. 2d 106, 110 (Ct. App. 1996); *see also Rummel v. Estelle*, 445 U.S. 263, 282 (1980) ("Absent a constitutionally imposed uniformity inimical to traditional notions of federalism, some State will always bear the distinction of treating particular offenders more severely than any other

State."). Further, Flores-Martinez fails to demonstrate that NRS 200.366(3)(b)'s mandatory sentence is excessive. *See Pickard v. State*, 94 Nev. 681, 684, 585 P.2d 1342, 1344 (1978) ("[A] punishment is 'excessive' and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." (internal quotation marks omitted)). As rehabilitation is not the only acceptable goal of punishment, NRS 200.366(3)(b)'s mandatory sentence is not excessive.

He next argues that a mandatory sentence precludes a district court from considering mitigating evidence. But the United States Supreme Court has expressly rejected this argument. *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (addressing an analogous claim and holding that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense" and clarifying that "[t]here can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory'"). Absent a compelling reason to diverge from this caselaw, we decline to do so.

Next, Flores-Martinez argues that NRS 200.366(3)(b) is unconstitutional as applied because it prevents the sentencing judge from comparing the facts of his case to those in more egregious cases. Flores-Martinez admitted to digitally penetrating and performing oral sex on a 13-year-old girl. He argues that because he does not have a criminal history, lacks education, and expressed remorse, the punishment of 25 years to life in prison does not fit the crime. The Eighth Amendment, however, does not require direct proportionality. *Id.* at 965 ("[T]he Eighth Amendment contains no proportionality guarantee."). Instead, "it forbids only extreme

sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring in part); *see also Culverson*, 95 Nev. at 435, 596 P.2d at 221-22. Although Flores-Martinez's sentence of 25 years to life is severe, he has not demonstrated that it is *grossly* disproportionate to the severity of the crime. Thus, he failed to demonstrate that NRS 200.366(3)(b) is unconstitutional as applied to the facts of his case.

Finally, Flores-Martinez urges us to abandon the Legislature's mandatory sentencing scheme. But in *Mendoza-Lobos v. State*, 125 Nev. 634, 640, 218 P.3d 501, 505 (2009), we expressly *upheld* it, holding that "it is within the Legislature's power to completely remove any judicial discretion to determine a criminal penalty by creating mandatory sentencing schemes." He acknowledges this legal precedent, but argues that "[t]his sentencing scheme needs an overhaul" and urges us to "interpret these mandatory sentencing requirements as advisory." We decline to do so for two reasons.

First, Flores-Martinez relies primarily on *United States v. Booker*, 543 U.S. 220 (2005). There, the Supreme Court was concerned that the U.S. Sentencing Guidelines, which required a district court to find *additional* facts in order to properly impose a defendant's sentence, "increase[d] the judge's power and diminish[ed] that of the jury." *Id.* at 236. Unlike the Sentencing Guidelines, NRS 200.266(3)(b) does not require the sentencing judge to find additional facts to impose a sentence. It simply requires that a district court impose the statutorily defined punishment. Because the concern in *Booker* is not present here, we find Flores-Martinez's invocation of *Booker* unavailing.

Second, Flores-Martinez urges this court to disregard its legal precedent on separation of powers grounds. The Supreme Court rejected a

SUPREME COURT
OF
NEVADA

(O) 1947A

6

similar argument. *See Chapman v. United States*, 500 U.S. 453, 467 (1991) (upholding a statute that imposed a minimum five-year sentence for LSD distribution regardless of individual culpability because "Congress has the power to define criminal punishments without giving the courts any sentencing discretion"); *see also United States v. Hughes*, 632 F.3d 956, 962 (6th Cir. 2011) (declining to invalidate congressionally mandated minimum sentences on separation of powers grounds). Flores-Martinez does not address these cases, nor does he provide any relevant caselaw supporting his argument. He therefore failed to present a compelling argument for overturning this court's precedent upholding mandatory sentences. *See Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (explaining that "[u]nder the doctrine of *stare decisis*, we will not overturn [precedent] absent compelling reasons for so doing" (alteration in original) (internal quotation marks omitted)).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Egan K. Walker, District Judge
Karla K. Butko
Richard A. Molezzo
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk