IN THE MATTER OF THE PARENTAL RIGHTS
AS TO C.C.A., A MINOR.

CHARLES C.L.A., APPELLANT, v. THE STATE OF NEVADA DIVISION OF CHILD AND FAMILY SERVICES, DEPARTMENT OF HEALTH AND HUMAN RESOURCES; AND C.C.A., RESPONDENTS.

No. 56723

April 5, 2012                                       273 P.3d 852

---

*Steve E. Evenson*, Lovelock, for Appellant.

*Catherine Cortez Masto*, Attorney General, and *Sharon L. Benson*, Deputy Attorney General, Carson City, for Respondent the State of Nevada Division of Child and Family Services, Department of Health and Human Resources.

*Law Offices of Robert Witek* and *Robert W. Witek*, Yerington, for Respondent C.C.A., a minor.

Before DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, DOUGLAS, J.:

In this termination of parental rights appeal, we address the need for the district court to make express findings of fact in its written order or on the record, when determining whether to grant or deny a petition to terminate a parent's parental rights. A petitioner in termination proceedings has the burden to prove by clear and convincing evidence that termination is in the child's best interest and that parental fault exists. When a district court fails to make any findings concerning this standard of proof in its order or on the record, this court is unable to determine on appeal whether substantial evidence supports the district court's ruling. In the present case, neither the district court's order nor the record contains findings of fact to support the district court's conclusions, and thus, we reverse the order terminating appellant's parental rights and remand this matter to the district court to enter its findings.

### PROCEDURAL HISTORY

Appellant is the biological father of the minor child who is the subject of the underlying proceedings. The child was removed from appellant's care and subsequently placed in the legal custody of respondent State of Nevada, Division of Child and Family Services (DCFS). DCFS eventually petitioned the district court to ter-

minate appellant's parental rights. In its petition, DCFS asserted that it was in the child's best interest to terminate appellant's parental rights, and it listed six grounds of alleged parental fault.

During a two-day bench trial on the petition, DCFS and appellant, who was represented by appointed counsel, presented witnesses and evidence supporting their respective positions. At the close of evidence, the district court instructed the parties to submit their closing arguments in writing, and it reserved ruling on the termination petition. After the parties submitted their closing arguments, the district court entered a summary order terminating appellant's parental rights.

The district court's written order, drafted by the State, closely follows DCFS's termination petition and purports to set forth findings of fact. In particular, as to the child's best interest, the order states only that "[t]he best interests of [the child] will be served by terminating any parental rights of [appellant]." Regarding parental fault, the order identifies six bases for fault:

> [Appellant] has abandoned [the child] and has evinced a settled purpose to abandon him by not providing support and by not communicating with the child; he has neglected the child by failing to provide proper parental care by reason of his own faults and habits; he is an unfit parent in that by reason of his faults, habits, or conduct he has failed to provide the child with proper care, guidance or support; he has failed parental adjustment in that he has been unable or unwilling within a reasonable time to correct substantially the circumstances, conduct or conditions which led to the removal of his child; there would be a risk of serious physical, mental or emotional injury to the child if the child was returned to his care; and he has made only token efforts to avoid being an unfit parent, to support or communicate with the child or to eliminate the risk of serious physical, mental or emotional injury to the child.

These six grounds of parental fault track, without explanation as to any corresponding evidence, the termination statutory provisions for parental fault.[1] *See* NRS 128.012; NRS 128.0126; NRS 128.014; NRS 128.018; NRS 128.105(2)(e); NRS 128.105(2)(f). Following entry of the district court's written termination order, appellant timely filed this appeal.

### DISCUSSION

On appeal, appellant contends that because the district court's order fails to set forth specific factual findings, the decision to terminate his parental rights is not supported by substantial evidence.

---

[1]The legal conclusions set forth in the order are likewise conclusory statements citing to the applicable statutory provisions.

DCFS argues that the district court's order "clearly made explicit findings," and that DCFS established, by clear and convincing evidence, that terminating appellant's parental rights was warranted.

*Express findings of facts are required in parental rights termination proceedings*

It is well-settled that termination proceedings implicate a parent's fundamental rights in the care and custody of his or her child. NRS 128.005(1) and (2); *Matter of Parental Rights as to D.R.H.*, 120 Nev. 422, 426-27, 92 P.3d 1230, 1233 (2004); *Matter of Parental Rights as to C.J.M.*, 118 Nev. 724, 732, 58 P.3d 188, 194 (2002). In order to guard the rights of the parent and the child, the Nevada Legislature has created a statutory scheme intended to assure that parental rights are not erroneously terminated and that the child's needs are protected. NRS 128.005(1) (declaring "that the preservation and strengthening of family life is a part of the public policy of this State"); NRS 128.005(2)(a) (recognizing that "[s]everance of the parent and child relationship is a matter of such importance in order to safeguard the rights of parent and child as to require judicial determination"); *see generally* NRS Chapter 128. To that end, when petitioning the district court to terminate a parent's parental rights, a petitioner must demonstrate by clear and convincing evidence that termination is in the child's best interest and that parental fault exists. *See* NRS 128.090(2); NRS 128.105. This court will uphold the district court's termination order when it is supported by substantial evidence. *Matter of Parental Rights as to A.J.G.*, 122 Nev. 1418, 1423, 148 P.3d 759, 763 (2006).

Based on the interests at stake in these types of proceedings, a petitioner has a high burden to establish that termination is warranted—clear and convincing evidence. NRS 128.090(2); *Santosky v. Kramer*, 455 U.S. 745, 769 (1982) (explaining that courts are required to apply a heightened clear and convincing standard of proof in termination of parental rights cases); *Matter as to D.R.H.*, 120 Nev. at 428, 92 P.3d at 1234 (recognizing that Nevada applies a clear and convincing standard of proof in termination proceedings). This standard of proof underscores the importance of the district court's fair and independent fact-finding. Thus, it is incumbent upon the district court in termination proceedings to provide a decision, whether in writing or orally on the record, that includes all the necessary factual findings for the benefit of the parties and this court's proper appellate review because without specific findings, this court cannot determine whether the district court's conclusions are supported by substantial evidence. NRS 128.105(1) and (2) (requiring a finding of best interest and parental fault); NRCP 52(a) (stating that when rendering a decision "[i]n

all actions tried upon the facts without a jury[,] . . . the court shall find the facts specially and state separately its conclusions of law''); *Holt v. Regional Trustee Services Corp.*, 127 Nev. 886, 895, 266 P.3d 602, 608 (2011) (recognizing that oral pronouncements on the record that are consistent with a judgment may be used by the appellate court to construe the judgment); *see also In re Edward B.*, 558 S.E.2d 620, 632-33 (W. Va. 2001) (holding that a lower court's failure to comply with statutes and rules of procedure when issuing a final order impedes a proper appellate review); *Matter of T. R. M.*, 303 N.W.2d 581, 583-84 (Wis. 1981) (explaining that adequate findings are required to facilitate review by an appellate court).

In this case, the district court deferred ruling on the termination petition until it received the parties' written closing arguments, and thus, the court did not make any oral findings on the record. The subsequent written termination order does not reference any specific facts or evidence presented by the parties during the two-day bench trial; the order simply recites the statutory grounds required to terminate a parent's parental rights, and such statements do not constitute sufficient findings because they do not explain, based on the record evidence, why the district court found that the statutory grounds for termination existed. *See Perez v. Dept. of Children & Family Serv.*, 894 N.E.2d 447, 451 (Ill. App. Ct. 2008) (''Findings of fact are determinations from the evidence of a case . . . concerning facts averred by one party and denied by another.'' (internal quotation and citation omitted)); *Pacific Employers Ins. Co. v. Brown*, 86 S.W.3d 353, 356-57 (Tex. App. 2002) (stating that factual findings constitute ultimate determinations concerning what transpired during the proceedings and provide ''answer[s] to any other specific inquiry necessary to establish conduct or the existence or nonexistence of a relevant matter'').

Because the district court failed to identify, in writing or on the record, the factual bases that support its termination order, we cannot determine whether substantial evidence supports the district court's decision, and thus, we reverse the district court's order terminating appellant's parental rights and remand this case to the district court to enter its findings.[2] *See Robison v. Robison*, 100 Nev. 668, 673, 691 P.2d 451, 455 (1984) (remanding the case to the lower court because the court's findings failed to indicate the factual basis for its final conclusions).

HARDESTY and PARRAGUIRRE, JJ., concur.

---

[2]We make no comment on the merits of the underlying proceeding. In light of this opinion, we elect not to consider the parties' remaining arguments.