An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: I.C.W., A MINOR,

No. 65451

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Appellant,
vs.
IRE R.D.W.; AND I.C.W.,
Respondents.

FILED

MAY 20 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition to terminate parental rights as to a minor child.[1] Eighth Judicial District Court, Family Court Division, Clark County; Cynthia N. Giuliani, Judge.

Appellant brought the underlying petition to terminate respondent Ire R.D.W.'s parental rights as to his natural daughter I.C.W. Ire has been incarcerated since 2004 based on convictions for armed robbery. He is eligible for parole in 2016, at which time I.C.W. will be 15 years old. The child lives with her maternal grandmother and has regular phone contact with Ire. After a hearing, the district court denied

---

[1]Because the district court order did not address parental rights as to D.L.S. A/K/A D.S. or A.C.S., we direct the clerk of this court to amend the caption for this matter to conform with the caption in this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15468

appellant's petition to terminate Ire's parental rights as to I.C.W. Appellant appeals.[2]

"[W]hen petitioning the district court to terminate a parent's parental rights, a petitioner must demonstrate by clear and convincing evidence that termination is in the child's best interest and that parental fault exists." *In re Parental Rights as to C.C.A.*, 128 Nev. Adv. Op. No. 15, 273 P.3d 852, 854 (2012); *see* NRS 128.090(2); NRS 128.105. This court will uphold the district court's termination order when it is supported by substantial evidence. *In re C.C.A.*, 128 Nev. Adv. Op. 15, 273 P.3d at 854.

Appellant first argues that the district court abused its discretion because it failed to find that Ire's felony convictions rendered him an unfit parent, thereby establishing parental fault. *See* NRS 128.018 (defining "unfit parent"); NRS 128.105(2)(c) (providing that parental unfitness is grounds for a finding of parental fault). NRS 128.106(6) provides that when determining parental unfitness, the court shall consider, among other things, a parent's felony conviction if the facts of the crime indicate that the parent is unfit to care for the child. Here, the district court did consider Ire's felony convictions in compliance with NRS 128.106(6), as indicated by the record on appeal and the district court's findings that Ire's convictions did not involve conduct related to abuse or

---

[2]Although it does not affect the disposition of this appeal, we note that appellant's appendix is inappropriately attached to the opening brief. *See* NRAP 30(c). Also, the citations in appellant's brief reference the page of the transcript rather than the page number of the appendix as required by NRAP 28(e)(1), and the brief is not double-spaced as required by NRAP 32(a)(4). We caution appellant's counsel that all future filings must comply with the pertinent appellate rules.

neglect of the child, the natural mother, or any caregiver of the child.[3] Additionally, the record contains substantial evidence supporting the district court's conclusion that appellant otherwise failed to present clear and convincing evidence of Ire's parental unfitness. *See In re Parental Rights of J.L.N.*, 118 Nev. 621, 629, 55 P.3d 955, 960 (2002) (holding that the separation between parent and child due to a parent's time spent in prison and the obstacles the remaining prison sentence posed to reunification were insufficient grounds to establish parental fault).

Appellant also challenges the district court's finding that terminating Ire's parental rights was not in I.C.W.'s best interest. Appellant points out that during the hearing, I.C.W. testified that she would like to be adopted by her maternal grandmother because she enjoys living with her. The record, however, also makes clear that I.C.W. did not want Ire's parental rights terminated, and that I.C.W. was not aware that in order for her grandmother to adopt, Ire's rights would be terminated. The record indicates that I.C.W. may continue living with her grandmother regardless of the outcome of appellant's petition. The record also supports the district court's findings that Ire maintained a strong bond with the child and that I.C.W. wanted her father to continue to remain an integral part of her life. We conclude that clear and convincing evidence supports the district court's finding that terminating Ire's parental rights was not in I.C.W.'s best interest. *See In re Parental Rights to Q.L.R.*, 118 Nev. 602, 608, 54 P.3d 56, 59-60 (2002) (holding that it was not in a child's best interest to terminate her incarcerated father's rights

---

[3]The record before this court does not indicate that appellant presented any further evidence of the facts of the crime.

when nothing indicated that the two could not form a loving and supportive relationship in the future, and noting that Nevada's statutory scheme does not support termination based solely on the duration of incarceration).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Cynthia N. Giuliani, District Judge, Family Court Division
        Clark County District Attorney/Juvenile Division
        Lewis Roca Rothgerber LLP/Las Vegas
        Special Public Defender
        Eighth District Court Clerk