# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO C.A.T., AND C.P.T.,
MINORS,

---

ALICIA V.K., A/K/A ALICIA V.T.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; C.A.T.; AND
C.P.T.,
Respondents.

No. 67880

**FILED**

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia N. Giuliani, Judge.

At the hearing to terminate appellant's parental rights as to her two children appellant did not contest the termination and instead agreed to relinquish her parental rights in order to facilitate an open adoption. She did not complete the relinquishment, however, and subsequently her parental rights were terminated. "A party petitioning to terminate parental rights must establish by clear and convincing evidence that (1) termination is in the child's best interest, and (2) parental fault exists." *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014) (internal quotation omitted). This court reviews district court factual findings for substantial evidence, and reviews questions of law de novo. *Id.*

Appellant first argues that there is no clear and convincing evidence of parental fault and that the district court order merely recited

16-01492

the statutory language without identifying any findings specific to appellant's particular circumstances. Although a court must make particularized findings supporting its decision in a termination proceeding, these may be made "in writing or orally on the record." *In re Parental Rights as to C.C.A.*, 128 Nev. 166, 169, 273 P.3d 852, 854 (2012); *see Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 895, 266 P.3d 602, 608 (2011) (recognizing that oral pronouncements on the record that are consistent with a judgment may be used by the appellate court to construe the judgment). Here, the district court made adequate oral findings on the record, and these findings are supported by substantial evidence, and thus, reversal is not warranted on this issue. *See C.C.A.*, 128 Nev. at 169, 273 P.3d at 854; *see also A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d at 761.

Appellant next argues that she did not voluntarily agree to relinquish her parental rights and forgo a fully contested termination hearing. Appellant's assertion that the possibility of losing her children was improperly used to pressure her to make an involuntary agreement is belied by the record. In fact, the record indicates that the district court canvassed appellant as to her understanding and intent to forgo a full trial and to pursue relinquishing her parental rights instead. *See Grisham v. Grisham*, 128 Nev., Adv. Op. 60, 289 P.3d 230, 233 (2012); *Grenz v. Grenz*, 78 Nev. 394, 398-99, 374 P.2d 891, 894-95 (1962) (enforcing a divorce agreement reached by the parties in chambers when the judge recited the agreement on the record and neither party objected to the terms of the agreement as stated by the district court).

Finally, appellant has filed a motion for the appointment of counsel on appeal. NRS 128.100(2) allows this court to appoint an indigent parent counsel in a parental termination proceeding, however,

doing so is discretionary. Because the issues raised in this appeal do not involve particularly complex legal theories or arguments, due process does not mandate that counsel be appointed, and we decline to appoint counsel and deny appellant's motion. *In re Parental Rights as to N.D.O.*, 121 Nev. 379, 382-83, 115 P.3d 223, 225 (2005) (explaining that NRS 128.100(2) "contemplates a case-by-case determination of whether due process demands the appointment of counsel").

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Cynthia N. Giuliani, District Judge, Family Court Division
       Alicia V.K.
       Clark County District Attorney/Juvenile Division
       Legal Aid Center of Southern Nevada, Inc.
       Snell & Wilmer, LLP
       Anne R. Traum
       Eighth District Court Clerk

---

[1]To the extent that appellant's arguments have not been expressly addressed in this order, we conclude that those arguments lack merit.