IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO R.M.M., A MINOR. | No. 82550 |

HEATHER M.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; AND R.M.M., A
MINOR.
Respondents.



FILED

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights. Eighth Judicial District Court, Clark County; Cynthia N. Giuliani, Judge.[1]

Appellant Heather M. is the biological mother of four-year-old R.M.M.[2] Respondent State of Nevada Department of Family Services (DFS) removed R.M.M. from Heather's custody when Heather was arrested with R.M.M. in an unsafe house where drugs were present. DFS placed R.M.M. with paternal relatives out of state and adopted a case plan listing several terms and conditions for Heather to satisfy before she could be reunited with her son. Heather's case plan generally required her to address her

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]R.M.M.'s father's rights are not at issue in this appeal.

 

22-08494

substance abuse and mental health issues, obtain stable housing, and demonstrate that she can provide for R.M.M.'s basic needs. After approximately two years, the district court granted DFS' petition to terminate Heather's parental rights, concluding that DFS had proven several grounds of parental fault by clear and convincing evidence and that terminating Heather's parental rights was in R.M.M.'s best interest. *See In re Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 133 (2000) (explaining that to terminate parental rights, the district court must find clear and convincing evidence of parental fault and that termination is in the child's best interest); *see also* NRS 128.105(1)(b) (listing grounds of parental fault).

Here, the district court found that two statutory presumptions applied, establishing parental fault and creating a rebuttable presumption that terminating Heather's parental rights was in R.M.M.'s best interest. First, because R.M.M. had resided outside of Heather's home for more than 14 of the past 20 consecutive months at the time of trial, the presumption that Heather had only demonstrated token efforts to care for him and that terminating her parental rights was in R.M.M.'s best interest applied. *See* NRS 128.109(1)(a) (concerning token efforts), (2) (concerning the child's best interests). And second, because Heather did not "substantially [comply] with the terms and conditions of a plan to reunite" her with R.M.M. within 6 months of his removal, the presumption of a failure of parental adjustment also applied. NRS 128.109(1)(b); *see also* NRS 128.0126 (defining "failure of parental adjustment" as "when a parent [is] unable or unwilling within a reasonable time to correct substantially the

circumstances, conduct or conditions which led to" the child being placed outside of the home).

Heather does not dispute that the district court properly applied these presumptions. Instead, she argues that the district court committed reversible error by failing to make specific findings as to whether her supporting witnesses' testimony sufficiently rebutted the presumptions. *See In re Parental Rights as to C.C.A.*, 128 Nev. 166, 170, 273 P.3d 852, 854-55 (2012) (requiring the district court to identify the factual bases for finding that the statutory grounds for termination existed). We disagree. Unlike in *C.C.A.*, where the district court's order "d[id] not reference any specific facts or evidence presented by the parties" and only "recite[d] the statutory grounds required to terminate a parent's parental rights," *id.* at 170, 273 P.3d at 854, the district court here made explicit factual findings explaining why it found Heather did not overcome the statutory presumptions, *see Matter of T.M.R.*, 137 Nev., Adv. Op. 23, 487 P.3d 783, 789 (2021) (holding that overcoming the best interest presumption requires a party to "establish that termination is not in the child's best interests by a preponderance of the evidence"); *Matter of A.D.L.*, 133 Nev. 561, 568, 402 P.3d 1280, 1287 (2017) (applying the same standard to rebut NRS 128.109's presumption due a lack of parental adjustment); *see also* NRS 128.107 (listing factors the district court must consider when determining whether the parent has rebutted the best interest presumptions). Contrary to Heather's assertions, the district court found that although Heather presented testimony from several witnesses that she was committed to her sobriety and to reunifying with her son, she also failed to show behavioral change due to her inconsistent therapy attendance, several missed drug

tests, and minimal efforts to maintain regular visitation with R.M.M. despite having over two years to do so. *See* NRS 128.105(1)(b)(6) (listing factors that demonstrate that the parent has made only token efforts to care for the child); NRS 128.107(3) (providing that when the child is not in the parent's physical custody, the district court must consider "[t]he effort the parent . . . [has] made to adjust their circumstances, conduct or conditions to make it in the child's best interest to return the child to his [parent's] home after a reasonable length of time"). As such, we conclude that the district court made adequate findings and substantial evidence supports its findings that Heather only made token efforts for reunification and failure of parental adjustment.[3] *See In re N.J.*, 116 Nev. at 795, 8 P.3d at 129 (stating that this court "will uphold termination orders based upon substantial evidence").

The district court also made specific findings supporting its conclusion that terminating Heather's parental rights was in R.M.M.'s best interest. Specifically, the district court found that there was a lack of a bond between Heather and her son and noted concerns that R.M.M. could not achieve permanency with Heather in the near future. *See* NRS 128.107 (listing factors the district court should consider when the child is not in the parent's custody). The district court also found that R.M.M. was placed with his grandmother, an adoptive resource, was well bonded to her, fully integrated into her home, and that she was able to meet all of R.M.M.'s

---

[3]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), we need not review the other findings of parental fault.

needs. *See* NRS 128.108 (listing additional considerations where the child is living in a foster home). Therefore, we conclude the district court's best interest finding is supported by substantial evidence. Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:    Hon. Cynthia N. Giuliani, District Judge
       Maria A. Perez Avilez
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Legal Aid Center of Southern Nevada, Inc.
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.